THE LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY, *a Corporation*, v. THE T. M. RICHARDSON LUMBER COMPANY, *a Corporation*.

(Filed February 18, 1902.)

1. CONTRACT IN WRITING—Effect of. The execution of a contract in writing supersedes all the oral negotiations or stipu'ations concerning its matter which preceded or accompanied the execution of the instrument.

2. CONTRACT—Parol Evidence—Not Admissible, When. Where the terms of a written contract are clear, plain, explicit and free from all ambiguity parol testimony is not admissible to change or vary its terms:

3. INSURANCE POLICY—Duty of Assured. An applicant for insurance who accepts a policy, the provisions of which are plain, clear and free from all ambiguity is chargeable with knowledge of its terms and legal effect. It is the duty of the assured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions unless he alleges and proves that he was induced not to read the policy by some trick or fraud of the other party;

(Syllabus by the court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Stuart & Gordon* and *John W. Shartel,* for plaintiff in error.

*Howard & Ames,* for defendant in error.

Opinion of the court by

HAINER, J.:   This was an action brought by the T. M. Richardson Lumber company against the Liverpool, London & Globe Insurance company to recover upon a fire insurance policy issued on December 7, 1896, for a loss occasioned by fire on June 12, 1897.   The property covered by the insurance policy is described as follows: "On its stock of lumber, lath, shingles, posts, pickets, sash and doors, while contained in the sheds and yards situated on the north side of the C. O. & G. railroad in the town of Red Oak, I. T. * * * Clear space and seventy-five per cent. company insurance clauses attached."   The policy contained, among others, the following provision: "Warranted by the assured that a clear space of two hundred feet, tramways excepted, shall be always maintained between the lumber hereby insured and any mill or other manufacturing establishment, or else this policy shall be void."   The policy was written by the local agent of the insurance company at Oklahoma City, Oklahoma, and delivered to the defendant in error with the said clear space clause attached in a conspicuous place on the face of said policy.   The defendant in error accepted the policy as thus written and paid the premium therefor, which was $2.50 per hundred where the policy contained the clear space clause.   No objection was made to the conditions in the policy by the defendant in error.   The un-

disputed testimony shows that the clear space lumber clause was not maintained by the defendant in error, and that the lumber which was destroyed, for which the plaintiff in the court below seeks to recover, was located in the yard and sheds and that the sheds were adjoining the mill. There was no testimony to show that there was any written or verbal agreement or understanding between the plaintiff and defendant that the clear space lumber clause should not be inserted in the policy. There was no averment in the plaintiff's petition of mistake or fraud, and there is no proof or even suggestion of mistake or fraud in the record.

A jury having been waived the cause was tried by the court. There was no objection to any of the evidence introduced by either the plaintiff or defendant. The cause was tried on the theory that since the local agent and the state agent had examined the property and knew the situation thereof prior to the time the insurance policy was written by the local agent and delivered to the insured, that the plaintiff thereby waived the clear space clause in its policy and was estopped from defeating plaintiff's recovery upon the policy, and this is the contention of the defendant in error.

We think the contention of counsel for defendant in error is clearly unsound and untenable. The contract is clear and explicit. There is no doubt or ambiguity in its terms and provisions. There is no rule of law better settled upon reason and authority than where the terms of a written contract are clear, plain, explicit and free from all ambiguity that parol testimony is inadmissible to change or vary from its terms.

In *Merchants Mutual Insurance Company v. Lyman,* 15 Wall. 664, it is held by the supreme court of the United States that parol testimony is not admissible to show that

a parol contract of insurance was made before a loss occurred, where the written contract was executed, delivered and paid for afterwards; and that where the terms of the contract were reduced to writing, signed by one party and accepted by the other when the premium was paid, neither party can abandon that instrument as of no value in ascertaining what the contract was, and resort to the verbal negotiations which were preliminary to its execution, for that purpose. And, all previous negotiations and verbal statements are merged and excluded when the parties assent to a written instrument as expressing the agreement.

In *New York Life Insurance Company v. McMaster,* 87 Federal, 62, the circuit court of appeals of the Eighth circuit held that an applicant for insurance, who accepts policies, the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of the terms and legal effect of these contracts. It is his duty to read and know the contents of the policies before accepting them, and, where he fails to do so he is stopped from denying knowledge thereof, unless he proves that he was dissuaded from reading the policies by some trick or fraud of the other party. And that no representation, promise or agreement made, or opinion expressed, in the previous parol negotiations, as to the terms or legal effect of the resulting written agreement, can be permitted to prevail, either at law or in equity, over the plain provisions and just interpretation of the contract, in the absence of some artifice which concealed its terms, and prevented the complainant from reading it.

In *Insurance Company v. Nowry,* 96 U. S. 544, 547, the policy provided that it should be void and wholly forfeited if the premiums were not punctually paid. The agent

who procured the policy agreed with the insured that the company should give notice when the premiums fell due, but this agreement was not contained in the policy. The company failed to give notice, and the insured failed to pay the premium. The agreement of the agent before the policy issued was claimed to be an estoppel of the company against insisting upon the forfeiture of the policy. Mr. Justice Field, in delivering the opinion of the court, said:

"All previous verbal arrangements were merged in the written agreement. The understanding of the parties as to the amount of the insurance, the conditions upon which it should be payable, and the premium to be paid, was there expressed, for the very purpose of avoiding any controversy or question respecting them * * *. An estoppel cannot arise from a promise as to future action with respect to a right to be acquired upon an agreement not yet made * * *. The doctrine has no place or application when the statement relates to rights depending upon contracts yet to be made, to which the person complaining is to be a party. He has it in his power, in such cases, to guard in advance against any consequences of a subsequent change of intention and conduct by the person with whom he is dealing. For compliance with arrangements respecting future transactions, parties must provide by stipulations in their agreements when reduced to writing. The doctrine, carried to the extent for which the assured contends in this case, would subvert the salutary rule that the written contract must prevail over previous verbal arrangements, and open the door to all the evils which that rule was intended to prevent. (*White v. Ashton,* 51 N. Y. 260; Bigelow, Estop. 437, 441; *White v. Walker,* 31 Ill. 422; *Faxton v. Faxton,* 28 Mich 159.")

Section 822 of our Statutes of 1893, in relation to contracts, reads as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral

negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

This principle is not only in harmony with the provisions of our statute in relation to contracts and in consonance with sound reason, but it is so clearly and fully settled by the decisions of our federal courts that we deem it unnecessary to cite and review other cases. Applying these well settled principles to the case at bar we hold that since the T. M. Richardson Lumber company, the defendant in error, accepted and paid the premium on its policy of insurance, the terms of which were plain, clear and free from all ambiguity, it was chargeable with knowledge of the conditions and legal effect of the provisions contained in the contract. It was its duty to examine, read and know the contents of the policy before accepting and paying the premium therefor, and having failed or neglected to do so it is estopped from denying knowledge of its terms and conditions; unless it avers and proves that its officer or agent who accepted the policy was induced not to read the same by some fraud or trick of the agent of the insurance company. The plaintiff having violated the express provisions of the contract of warranty in relation to the clear space clause, it thereby rendered its policy void. Upon the issues framed in this case and the evidence presented by the record the appellee cannot recover upon the policy.

The judgment of the district court is therefore reversed and the cause remanded, with directions to grant a new trial and to proceed in accordance with the views herein expressed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.