GLOBE & RUTGERS FIRE INS. CO. v. ROYSDEN.

No. 35062.   June 16, 1953.

*258 P. 2d 644.*

Rittenhouse, Henson, Evans & Turner, Oklahoma City, for plaintiff in error.

Melton, McElroy & Vaughn, Chickasha, for defendant in error.

PER CURIAM.   This is an action brought by the plaintiff, T. R. Roysden, against the defendant, Globe & Rutgers Fire Insurance Company, to recover damages for loss by fire of household furniture and personal property. The parties to this action will be referred to as they appeared in the lower court, that is, the plaintiff in error as the defendant and the defendant in error as the plaintiff.   The fire insurance policy was written by Claris Ricker, local agent of the insurance company at Chickasha, Oklahoma, and was issued on July 24, 1948, for a term of one year and in the amount of $1,000. Said policy covered household furniture and personal property located in a cement building with composition roof, occupied as a seasonal dwelling; said building being situated upon the S.E. ¼ of section 17, township 7 north, range 7 west, on Highway No. 81, north of Chickasha, Oklahoma. On September 30, 1948, a cement block building, occupied by plaintiff as his residence and situated upon said premises, together with the household furniture and personal property located therein, was destroyed by fire.

Plaintiff claims the loss of the household furniture and personal property so destroyed is within the terms of the insurance policy issued by the defendant and that, subsequent to the fire, proper proof of loss was given to the defendant as required by the policy or such proof was waived by the defendant, and that the value of the household furniture and personal property destroyed was $650 but the defendant refused to pay for any part of said loss.   The defendant filed its answer denying generally the allegations of plaintiff's petition and further denying plaintiff made

proof of loss as required by the policy or that such proof of loss was waived by the defendant, and further denying plaintiff suffered any loss covered by said policy. This cause was tried by a jury which found the issues in favor of the plaintiff and fixed the amount of his recovery at $650. A motion for a new trial was filed and overruled, and from the judgment overruling the motion for a new trial, the defendant prosecutes this appeal.

The evidence discloses substantially the following facts: The plaintiff and his wife were living in a tourist cabin when the policy sued upon was issued and were also operating a cafe in a building nearby, referred to as the cafe building. The cabin and the cafe building were each cement or cement block buildings with composition roofs, and located upon the S.E.¼ of section 17. At the time said policy was issued the household furniture of plaintiff was located in three buildings, to wit, a tourist cabin, a garage building and a cafe building. Plaintiff's washing machine and refrigerator were located in the cafe building at said time and the remainder of his household furniture was located in the tourist cabin and garage.

Plaintiff's evidence was that upon application for the insurance both plaintiff and his wife told Claris Ricker, defendant's agent, that the household furniture was then located in the aforesaid three buildings, that they were going to vacate the tourist cabin in the immediate future and move all household furniture into the cafe building which they would occupy as their residence; said agent, after viewing the household furniture in all three locations, told plaintiff it would be all right to move said household furniture into the cafe building and he agreed to insure said household furniture in the amount of $1,000, and on the following day issued the policy herein sued upon; approximately three weeks prior to the fire on September 30, 1948, plaintiff moved the household furniture into the cafe building and was occupying the same as his residence on the date of the fire, and all of the household furniture therein contained was destroyed; plaintiff testified that the building destroyed by the fire was the cement building described in the policy; that within a few days after the fire plaintiff orally reported said loss to the defendant's agent and offered to file any necessary reports concerning the same and said agent advised plaintiff that he would look after the matter and there was nothing for plaintiff to sign, and by reason thereof the plaintiff did not file a written report of the loss of the furniture within the time and in the manner specified in the insurance contract.

Defendant's evidence, by its agent, Ricker, was that the building described in the policy sued upon was the tourist cabin then occupied by plaintiff as a residence and the personal property of plaintiff in the cafe building was covered by a policy of insurance with the Alliance Insurance Company of Philadelphia, issued to plaintiff through Ricker at the same time he issued the policy of defendant covering the household furniture; that he did not waive the proof of loss which plaintiff was required to furnish under the terms of the policy, and he denied he was told by plaintiff and Mrs. Roysden prior to the issuance of the policy sued upon that the plaintiff intended to move his household furniture into the cafe building and occupy the same as a dwelling; and that it was after the fire occurred he first learned the household furniture had been removed from the tourist cabin into the cafe building. By reason of the removal of the furniture from the tourist cabin to the cafe building, the defendant took the position during the trial that its liability was limited under the terms of the policy to $100, that is, 10% of the full coverage of $1,000, to cover property insured while elsewhere than on the premises described in the policy, and the defendant invited judgment against it in the amount of $100.

No written notice of loss having been given by plaintiff to defendant within

the time and in the manner as required by the terms of the policy, the waiver or nonwaiver of such notice by the defendant was a question of fact submitted to the jury under proper instruction of the court and the finding by the jury that such notice was waived by the acts and conduct of the defendant's agent, Ricker, is supported by the evidence and such finding is not an issue on this appeal.

The defendant's first proposition is that the trial court committed reversible error in limiting the admission in evidence of defendant's Exhibit No. 4, being the policy of Alliance Insurance Company, which exhibit was admitted only for the purpose of establishing the difference in the rate charged for coverage of household furniture in a building occupied as a residence and the rate charged for coverage of personal property in a building occupied as a cafe. The issue made by the pleadings and the gist of this action is whether or not the household furniture was covered by the policy of the defendant and the determination of said fact is not dependent upon the existence of the policy of the Alliance Insurance Company of Philadelphia covering the contents of the cafe building. However, the issuance of this latter policy simultaneously with the policy herein sued upon was a fact testified to by defendant's agent, Ricker, and admitted by the plaintiff, and said agent further testified as to the difference in rates charged for the respective coverages. Under the aforesaid circumstances the admission of the policy, Exhibit No. 4, would not tend to make any proposition in issue more or less probable and the limited purpose for which said exhibit was admitted in evidence was not error. As stated in Price v. Rogers, 201 Okla. 678, 209 P. 2d 683, and Chaney v. Lackey, 204 Okla. 398, 230 P. 2d 720, a fact is relevant if it legally tends to prove some matter in issue or to make a proposition in issue more or less probable.

The defendant's second proposition is that under the clear terms of the insurance policy and other facts in evidence, judgment against the defendant in a sum exceeding $100 is not warranted in law. Defendant's theory is that the provisions of the policy sued upon, and accepted by the plaintiff, are clear, plain and free of all ambiguity, and the plaintiff is chargeable with knowledge of its terms and conditions, and under the language of said policy the plaintiff's household goods were covered only when located in the tourist cabin and if located elsewhere the defendant's liability was limited to 10% of the coverage, or the sum of $100. In support thereof plaintiff cites Liverpool, London & Globe Ins. Co. v. Richardson Lumber Co., 11 Okla. 579, 69 P. 936, and Brown v. Conn. Fire Ins. Co., 52 Okla. 392, 153 P. 173, wherein it is stated that an applicant for insurance who accepts a policy, the provisions of which are plain, clear and free from all ambiguity, is chargeable with knowledge of its terms and legal effect. It is the duty of the assured to read and know the conditions of the policy before he accepts it and where he fails and neglects to do so he is estopped from denying knowledge of its terms and conditions unless he alleges and proves that he was induced not to read the policy by some trick or fraud of the other parties; and also the case of National Aid Life Ass'n v. May, 201 Okla. 450, 207 P. 2d 292, wherein it is stated that where the terms of the contract are clear, consistent and unambiguous no forced or strained construction should be indulged to give effect to the policy. Defendant contends that since the plaintiff neither pleads nor proves fraud or mistake, all prior contemporaneous oral agreements between the plaintiff and the agent of the company were merged in the written contract, and under the rules announced in the above cases the defendant's liability for household furniture not located in the tourist cabin, but located elsewhere, when destroyed, is limited to 10% of $1,000.

Plaintiff contends that the above cases are not controlling in the instant case in that the evidence clearly estab-

lishes that the agent of the defendant, prior to the issuance of the policy sued upon, was fully advised that the coverage requested was for household furniture then located in a tourist cabin, a garage building and a cafe building, all of which household furniture would be removed into the cafe building, and that said agent issued the policy with full knowledge that the household furniture when insured and as then located was to be removed to the cafe building, thereby waiving the provisions of the policy limiting the loss of the household furniture when located elsewhere than in the tourist cabin. Plaintiff contends that the household furniture at the time of its destruction was located on the premises and in the building as provided in the policy.

We are of the opinion that the rule announced in the case of North American Acc. Ins. Co. v. Canady, 196 Okla. 105, 163 P. 2d 221, is applicable to the facts in the instant case, wherein it was held under our statute, 36 O.S. 1941 §197, the soliciting agent of an insurance company is the agent of the insurer in all matters relating to such application and that the knowledge received and acted upon by the soliciting agent in connection with applications taken by him are binding on the insurer in the absence of fraud or collusion between the agent and the applicant. See, also, Hartford Fire Ins. Co. v. Smith, 141 Okla. 90, 284 P. 624, and North Carolina Mutual Life Insurance Co. v. White, 130 Okla. 118, 265 P. 642; 29 Am. Jur., p. 627, sec. 823. Wherein it is stated any person, who solicits insurance and procures an application thereof in all matters relating to said application and policy issued, is the agent of the company issuing the policy and not the agent of the insured.

The court's instruction No. 6 to the jury is as follows:

"You are further instructed, gentlemen, that the policy herein sued on contained the provision that the insured may apply up to ten per cent of the amount specified to cover property therein and insured thereby while elsewhere on the described premises, and in this connection you are instructed that if the plaintiff fully advised the defendant of his intention to remove the property to the building which was destroyed by fire, and the insurer had actual knowledge that the property intended to be insured was not at the location when it was destroyed by the fire, and that the said Company issued its policy of insurance knowing the property was not in the location when it was destroyed by the fire, then this provision of the policy would have been waived by the defendant. And in this connection you are further instructed that should you find and believe from the evidence that the Company was not advised that the property was to be removed to the building where it was destroyed by fire, then the plaintiff could only recover ten per cent of the amount specified in the policy to cover property destroyed by fire."

There is competent evidence in the record for the giving of the aforesaid instruction. The burden of proof was upon the plaintiff to show that the agent of the defendant was advised and had full knowledge that the household furniture was to be removed to the building destroyed by fire and with that knowledge accepted the premium and delivered the policy in order to establish a waiver of the provisions of the policy limiting defendant's liability to 10% of the amount of the full coverage. The jury on this issue of fact found against the defendant, and we cannot say that such finding is not supported by the evidence. The judgment is affirmed.

This Court acknowledges the services of Attorneys R. P. Colley, G. C. Spillers, and Wm. H. Martin, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, C.J., JOHNSON, V.CJ., and CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. ARNOLD, J., concurs in conclusion.