Aletha C. WHITLATCH, Plaintiff In Error,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a corporation, Defendant In Error.

No. 41143.

Supreme Court of Oklahoma.

Jan. 23, 1968.

Rehearing Denied March 5, 1968.

Hall & Sublett, by John W. Sublett, Finis Smith, Tulsa, for plaintiff in error.

Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for defendant in error.

BERRY, Justice.

This appeal concerns the correctness of the trial court's action sustaining a motion for directed verdict and entering judgment for defendant in error, in an action brought by plaintiff in error as beneficiary, to recover upon an insurance policy issued by the defendant company.

Defendant issued a group life insurance policy to the Oklahoma Bar Association Group Insurance Trust. Under this group policy insurance coverage was extended to active members of the Oklahoma Bar without medical examination. On May 10, 1961, plaintiff's decedent, an active lawyer 69 years of age, made written application and paid the required premium for a $5,000.00 policy. The application was approved and the policy issued, effective June 1, 1961.

The written application for insurance contained the following matter:

| | | | |
|---|---|---|---|
| "1. | (a) | Are you now in sound health? | Yes. |
| | (b) | Are you now actively at work on a full-time basis (at least 30 hours per week)? | Yes. |

\* \* \* \* \* \* \* \* \* \* \*

| | | | |
|---|---|---|---|
| 2. | (a) | Have you had any ailment, injury or disease within the last five years which has resulted in absence from work ten days or more? | No. |
| | (b) | Have you ever been told you had blood or sugar in your urine, any heart trouble or disease of the coronary arteries, high blood pressure or cancer or any other malignant disease? | No. |
| | (c) | Have you ever been declined or postponed for Life or Health Insurance?" | No. |

Insured died of coronary thrombosis on July 21, 1961, while the policy was in force and effect. The beneficiary furnished proof of loss and requested payment of policy benefits. The demand for payment was refused and the beneficiary brought suit to recover on the policy.

Defendant's answer admitted the general allegations and issuance of the policy to deceased. Liability was denied upon grounds of misrepresentation, omission, concealment of facts and incorrect statements by the insured material to the risk, all of which had been relied upon to defendant's detriment. By cross-petition defendant realleged the matters upon which the claim of voidness was based; because of reliance upon the untruthful statements defendant was prevented from making investigation and exercising discretion with respect to issuance of the policy in view of insured's medical history; no policy would have been issued had the insured truthfully answered the inquiries in the application. The defendant tendered back the amount of premiums paid, and asked judgment canceling the certificate and holding the policy void. The matters asserted in the cross-petition were denied by plaintiff's answer.

Plaintiff supported her cause of action by introducing into evidence the insurance policy, proof of death and demand for payment, and defendant's denial of liability upon the policy. There was some evidence which tended to show deceased led a normal life after medical treatment, and never had complete advice or understanding of the nature or extent of his debility.

Defendant introduced the original application and the policy, and also medical testimony and records reflecting insured's medical history over many years. Defendant's medical evaluator testified that, had insured's application contained information concerning his prior medical history, the defendant would have declined the application, because of knowledge that persons so afflicted have a markedly increased mortality rate.

Because we are of the opinion the case must be re-tried, no extended analysis and recitation of the evidence should be made. There was medical testimony that insured, who died of coronary thrombosis, had consulted a physician in 1942, because of mild chest pain on exertion, and after medical evaluation was advised to restrict his activities because of his nervous condition. In 1950 insured underwent surgery for removal of 60% of his stomach and recovered completely, although post operative procedures established presence of a malignancy. The evidence as to whether insured ever was advised of the malignancy was in conflict.

In 1956 insured complained of shortness of breath upon walking upgrade into the cold wind, and the physician prescribed nitroglycerin tablets for this, as well as another medication (Raudixia) for slight hypertension, the drug also acting as a mild tranquilizer. Insured was aware of some elevation of his blood pressure, which was completely controlled so long as the medication was taken regularly. Insured's chest pains were alleviated by medication, and after changing the parking place of his car to avoid the extra exertion, it became unnecessary to continue use of medication. A diagnosis showing insured suffered from arteriosclerosis would be normal or customary for one 69 years old.

The trial court's ruling was for the stated reason the evidence showed insured knew he suffered from high blood pressure, which condition was material to the risk; had defendant been so advised an investigation would have been made as to the nature and extent of this condition before accepting or declining insured's application; the fact insured knew of his condition but stated in the application he had not been so advised constituted constructive fraud, without regard to whether this was a conscious or deliberate effort to deceive defendant.

Both parties have favored this Court with excellent briefs supporting their respective positions. However, no

purpose would be served by discussion and comparison of numerous cited cases. The rule consistently applied by this Court in a multitude of decisions is that the question of falsity of statements in an application for life insurance, and applicant's intent in making such statements, are questions for determination by the jury. The most recent pronouncement in this respect appears in Massachusetts Mutual Life Ins. Co. v. Allen, Okl., 416 P.2d 935. Therein the Court considered applicable sections of the Oklahoma Insurance Code, (36 O.S.1961, § 3601 et seq.) particularly § 3609, as the basis for the conclusion reached.

In Allen, supra, we defined the terms, enumerated in the statute, which are made grounds for avoidance of a policy. The fifth syllabus states:

"Whether misrepresentations, omission, concealment of facts, or incorrect statements, as above defined, are made in negotiations for a life insurance policy by or in behalf of the insured are questions of fact for the determination of the jury where the evidence in connection therewith is conflicting."

█ We are of the opinion the evidence adduced relative to insured's knowledge whether he actually had been medically advised as to his having heart trouble, or a tendency to heart trouble greater than to be expected by persons of his age, was sufficiently conflicting as to be susceptible of more than one conclusion. For this reason the trial court erred in sustaining defendant's motion for directed verdict, and determining as a matter of law that insured positively had knowledge the answers in the application were false. This was the issue to be determined by the jury under proper instructions. Because the case must be re-tried we decline consideration of other questions involved.

Judgment reversed and case remanded with directions to grant plaintiff a new trial.

All Justices concur.