**COMMUNITY NATIONAL BANK OF WARR ACRES et al., Appellants,**

v.

**Jack BEASLER aka Jack Beasley, Appellee.**

**No. 46800.**

Supreme Court of Oklahoma.

March 19, 1974.

Howard Schmidt, by Jack R. Bard, Oklahoma City, for appellants.

Robert E. Walker, by Robert J. Unruh, Jr., Oklahoma City, for appellee.

LAVENDER, Justice:

Appellants as plaintiffs sued appellee to replevy a motor vehicle. Issuance of the

writ was denied at a show cause hearing. Because defendant was allowed to retain possession of the chattel, plaintiffs then sought an order requiring defendant to furnish redelivery bond, which order was denied.

Appellant alleges in a petition in error that the trial judge certified for interlocutory appeal a question:

"Is the defendant in a replevin action required to post a redelivery bond in compliance with 12 O.S.1577 at the termination of a show cause hearing in the defendants favor that allows him to retain possession of the personal property that ought to be replevied?"

The petition in error will be treated as a petition for certiorari, which is the appropriate pleading under Civil Appeals Rule 1.51(b).

The interlocutory review contemplated by the statute 12 O.S.1971 § 952(b)(3) encompasses appellate review of interlocutory orders which affect a substantial part of the merits of the controversy. Appellants here can only be aggrieved by the order denying their motion to compel defendant to post a redelivery bond. They are not aggrieved by an order which affects a substantial part of the merits of the controversy.

Also, assuming, arguendo, that requirement of a redelivery bond by defendant would be in this circumstance appropriate, appellate review of an interlocutory order to that effect would not serve to "materially advance the ultimate termination of the litigation," Civil Appeals Rule 1.50. Neither the Legislature nor the rules of this court provide for interlocutory review of the type order involved here.

Certiorari is denied. On motion by appellees the petition in error, treated as a petition for certiorari, is dismissed and the cause remanded to the trial court with direction to proceed in the cause.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES and SIMMS, JJ., concur.

BARNES, J., dissents.