Rory YOUNG, an infant under the age of twenty-one years, who sues by his father and next friend, et al., Appellees,

v.

OKLAHOMA CITY, a municipal corporation, Appellants.

No. 47051.

Supreme Court of Oklahoma.

April 9, 1974.

As Corrected on Denial of Rehearing July 1, 1974.

McConnell, Rice & Starke, Oklahoma City, for appellees.

Michael Minnis, Asst. Municipal Counselor, City of Oklahoma City, for appellants.

SIMMS, Justice:

The action in the trial court below was for personal injuries allegedly sustained when the automobile which plaintiff was driving collided with a City garbage truck.

Plaintiff had presented his evidence to the jury, both parties had rested, and defendant entered a demurrer to the evidence and moved to dismiss the case on the grounds, inter alia, that plaintiff had failed to prove compliance with the Governmental Tort Liability Act, (11 O.S.1971, § 1751 et seq.) a material element in the case. The trial court overruled the demurrer and the motion to dismiss; ordered a mistrial, and discharged the jury.

The issue presented is whether this Court can review, by interlocutory certiorari, the trial court's declaration of a mistrial.

It is required that an appeal from an interlocutory order be perfected under 12 O. S.1971, § 952(b)(3), and under Supreme Court Rules 1.50–1.56, 12 O.S. Ch. 15, App. 2.

Section 952(b)(3) supra, provides that the Supreme Court may reverse, vacate, or modify any of the following orders of the district court:

"(3) Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; provided, however, that the Supreme Court in its discretion may refuse to hear the appeal."

Supreme Court Rule 1.50 defines certified interlocutory order as one "which affects a substantial part of the merits of the controversy" where a trial judge has certified that the "order may materially advance the ultimate termination of the litigation."

Petitioner asks for relief by a declaration that the order of mistrial be reversed, that petitioner's demurrer to the evidence be sustained, and that the cause against petitioner be dismissed.

The City alleges in its petition for certiorari that the demurrer to plaintiff's evidence was urged on several grounds, one of which was non-compliance with the Governmental Tort Liability Act. The demurrer was overruled, but there was no judgment by the trial court on the precise question of compliance with the Act. There is merely an allegation by the City that compliance with the Act was not proved. In essence, there is "[no] order which affects a substantial part of the merits of the controversy", as required by § 952(b)(3), supra.

A ruling by this Court on the propriety of the trial court's declaration of a mistrial is futile. If this Court were to hold that the trial court erred in granting a mistrial the only feasible solution would be to grant the parties a new trial since it would be impossible to get the case back to the same point of the jury trial at the time of the declaration of the mistrial.

On the other hand, if this Court were to hold that the mistrial was properly granted, the result would also be a new trial.

The statute and rules on interlocutory certiorari are vehicles to advance the termi-

nation of litigation. A ruling on the trial court's declaration of a mistrial would not, in this case, affect the termination of the litigation since there has to be a new trial regardless of this Court's ruling.

. It is the opinion of this Court that the . Petition for Interlocutory Certiorari be Denied since a consideration of the case would not materially advance the ultimate termination of the litigation.

Interlocutory certiorari denied.

All the Justices concur.