Patrick H. ROARK, Personal representative of the Estate of Harvey F. Shane, Deceased, and Doris Ann Shane, Plaintiffs-Respondents on Certiorari,

v.

SHELTER MUTUAL INSURANCE COMPANY, Defendant-Petitioner on Certiorari.

No. 65214.

Supreme Court of Oklahoma.

Dec. 16, 1986.

As Corrected Feb. 11, 1987.

Best, Sharp, Thomas, Glass & Atkinson, Joseph A. Sharp, Gregory D. Nellis, Jody R. Nathan, Tulsa, for appellant.

Bassett, Stocker & Boyce, Allan H. Stocker, Bartlesville, for appellees.

DOOLIN, Vice Chief Justice.

Appellees sued appellant on a contract of insurance regarding a fire loss suffered by appellees and purportedly covered by a policy issued by appellant. Prior to trial, appellees sought and were granted a motion in limine to prevent admitting in evidence the application for insurance executed by appellee Shane to obtain the policy in issue. The ground for granting the motion was that the application form had not been, prior to its use, filed with and approved by the State Board as required by statute.[1]

Appellant took exception to the granting of the motion and the trial court, upon petition of appellant, certified the issue for interlocutory review in accordance with Rule 1.50, et seq. of the Rules of Civil Appellate Procedure. Upon preliminary consideration, this Court determined the resolution of this issue of first impression will affect a substantial part of the merits of the controversy below and we therefore granted interlocutory certiorari in order to resolve it.

Our reading of the statute in question shows us the requirement for submission and approval of all enumerated insurance forms, but nowhere do we find any mandated sanction for failure to do so. While

---

1. 36 O.S. 1981, § 3610 says, in part:

   A. No basic insurance policy form or application form where application is required and is to be made part of the policy, rider or endorsement form other than surety bond forms as are hereinafter specifically provided for shall be issued, delivered or used unless it has been filed with and approved by the Insurance Board.

appellees suggest exclusion from evidence as proper punishment, we find that result to be inequitable and we are not persuaded such was the intent of the legislature.[2] Relevant, competent and material evidence clearly should not be excluded without compelling reasons.[3]

■ Furthermore, appellees' argument must fail because in this case the format, language or mechanical arrangement of the application form are not in controversy. These are matters for which prior approval by the Insurance Board might have some relevancy. However, in the instant action there is no dispute as to the propriety of the form itself; rather appellee Shane's *answers* to the form's questions are the gravamen of the situation. Appellant contends these answers contain fraud on the part of the applicant. As a general rule, evidence of fraud by either party to induce the other to enter a contract is admissible to prevent the party from perpetuating the fraud from profiting thereby.[4]

An insured should not be permitted to exclude from evidence his own statements, freely made, simply because of the failure of the insurer to obtain the state's seal of approval for the form upon which those statements are set down. Whether, as appellant asserts, the statements here are false and constitute fraud are questions for the trier of fact.[5]

The order of the trial court is therefore REVERSED and the matter REMANDED for further proceedings.

HODGES, LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

SIMMS, C.J., concurs in result.

OPALA, J., with whom KAUGER, J., joins, concur.

WILSON, J., dissents.

OPALA, Justice, with whom KAUGER, Justice, joins, concurring.

The issue tendered for our resolution by the petition for certiorari to review a certified *in limine* ruling is whether the defendant below, an insurer who was sued for bad-faith refusal to pay a fire loss alleged to have been covered by a homeowners' policy, may assert at trial its pleaded defense of fraud in the insured's application, although that application *was not on a form approved by the State Insurance Board pursuant to the provisions of 36 O.S. 1981 § 3610.*

While I concur in the court's opinion and in its resolution of the question before us, I write separately *to stress* that the question certified to us in this cause does not deal solely with admissibility of evidence at trial. Rather, it is one that substantially affects the merits of the insurer's *pleaded defense of fraud. The in limine ruling in effect strikes that defense from the insurer's answer.* Issues *dehors* the merits are not properly certifiable in advance of trial for review of a trial court's interlocutory order.[1] Because the issue presented here is properly one "on the merits" of the controversy, I join in the court's order granting certiorari and in the pronouncement rendered today.[2]

2. In *Southern Casualty Co. v. Hughes,* 33 Ariz. 206, 263 P. 584, 586, (1928), the Supreme Court of Arizona opined that the proper penalty for using an unapproved insurance form was that the insurance company should be fined.

3. See generally: *Globe & Rutgers Fire Ins. Co. v. Roysden,* 258 P.2d 644, 208 Okl. 660 (1953), and 31A C.J.S. Evidence § 158.

4. *Graves v. Mayberry,* 278 P. 1111, 137 Okl. 218 (1929).

5. *Whitlatch v. John Hancock Mutual Life Insurance Co.,* 441 P.2d 956 (Okl.1968).

1. The pertinent provisions of 12 O.S. 1981 § 952 are:
"(a) The Supreme Court may reverse, vacate or modify....
* * * * * *
(b) * * *

3. Any other order, which affects *a substantial part of the merits of the controversy* when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; * * *" [Emphasis mine.]
*Community National Bank of Warr Acres v. Beasler,* Okl., 520 P.2d 813, 814 [1974]; *Young v. Oklahoma City,* Okl., 524 P.2d 22, 23 [1974] and *White v. Wensauer,* Okl., 702 P.2d 15, 16 [1985].

2. The word "merits" has a well-defined meaning in law. It signifies the *real or substantial grounds of action or of defense.* Practice, procedure and evidence are not embraced within the term. These are matters *"dehors* the merits." *Flick v. Crouch,* Okl., 434 P.2d 256, 261 [1967]. See also, *Tidmore v. Fullman,* Okl., 646 P.2d 1278, 1283 [1982] (Opala, J., dissenting.) But *cf. Kimery v. Public Service Company of Oklahoma,* Okl., 562 P.2d 858 [1977].