Delores HILL, Appellant,

Don Hill, Plaintiff,

v.

AGRI–RISK SERVICES and Traders Insurance Company, Appellees,

Equine Investors Insurance Agency, Inc., and Stuart Barringer, Defendants.

No. 76055.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 25, 1992.

Todd Markum, Oklahoma City, for appellant.

Sharon A. Coberly, N. Louise Ellingsworth, Smith, Gill, Fisher & Butts, P.C., Kansas City, Gary W. Davis, Crowe & Dunlevy, P.C., Oklahoma City, for appellees.

BAILEY, Judge.

Appellant Delores Hill (Hill or Plaintiff) seeks review of the Trial Court's orders granting summary judgment to Appellees Agri–Risk Services (ARS) and Traders Insurance Company (Traders or collectively Insurers or Defendants) and denying Hill's motion for summary judgment in Hill's action to recover actual and punitive damages for alleged breach of contract to provide insurance, bad faith breach of the insurance contract issued and misrepresentation. Herein, Plaintiff asserts error of the Trial Court in granting summary judgment to Insurers and denying summary judgment to Hill (1) in the presence of uncontroverted

evidence of Insurer's violation of 36 O.S.Supp.1987 § 3610(A),[1] and (2) material facts in controversy concerning Insurers' alleged breach of duty of good faith and fair dealing, arguably entitling Hill to punitive damages (a jury question), and precluding summary judgment.

Briefly stated, Hill contacted Defendant Barringer, an insurance agent, to procure insurance coverage for two horses. Hill completed the requisite application, paid the premium (about $1,000.00), and received an insurance binder "subject to all terms, conditions, limitations and exclusions of the policy to be issued and approved by the company of the information and values contained on the Application and Veterinary Certificate of Examination."

ARS/Traders issued the policy. Barringer transmitted the policy to Hill, advising her:

I ask that you take time to read your policy, making sure you understand what it covers ... [S]ince I know you have purchased this policy for protection and in case of loss you want your claim handled promptly, to avoid any problems, please comply with my request for verification of correctness. If you find any corrections need to be made, please notify me immediately.

On the first page, the policy itself also contained a notice to the insured to "read the policy thoroughly and verify it to be the coverage you ordered; If policy not desired, please return immediately." Hill admitted that she did not read the policy, which contained an exclusion from coverage for "death or destruction" of the hors-

---

1. This section provides in pertinent part:

   A. No insurance policy form or application form, where written application is required and is to be made part of the policy, rider or endorsement from other than surety bond forms and such other insurance policy forms as are hereinafter specifically otherwise provided for shall be issued, delivered, or used unless filed with and approved by the Insurance Commissioner....

   36 O.S. § 3610(A).

   Although we find no Oklahoma authority construing this section, other jurisdictions with similar statutory provisions have determined that exclusionary endorsements to previously approved insurance forms, issued without approval of the state insurance department are unenforceable, and have held in favor of coverage for the insureds. See, *Mutual Life Ins. Co. of N.Y. v. Daddy$ Money, Inc.*, 646 S.W.2d 255 (Tex.App.1982); *American Mutual Fire Insurance Co. v. Illingworth*, 213 So.2d 747 (Fla.App. 1968); *Lyons v. Texorado Oil & Gas Co.*, 91 S.W.2d 375 (Tex.App.1935); *Commercial Union Assurance Co., Ltd. v. Preston*, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016 (1926).

es from "failure of passive transfer, combined immune deficiency, respiratory disease and systemic infections." Insurer asserted insertion of such exclusion for failure of Hill's Veterinary Certificate (required by the binder) to reflect performance of tests of the horses' immune system.

One of the horses died as a result of an excluded condition. Hill made claim on Insurers for the loss, which Insurers denied under the exclusion. Hill brought suit, alleging *inter alia* Defendants' breach of contract to provide insurance, bad faith breach of the insurance contract and misrepresentations as to the coverage thereof, and claiming actual and punitive damages arising therefrom.

After some discovery, both sides moved for summary judgment. The Trial Court granted summary judgment to Insurers, in essence finding the policy and exclusion valid and enforceable, and denied Hill's motion. Hill now appeals, asserting invalidity of the exclusionary endorsement in the presence of uncontradicted evidence of Insurers' failure to obtain the Insurance Commissioner's approval thereof prior to issuance. Insurers respond, pointing to other uncontradicted evidence showing that Insurers obtained the Insurance Commissioner's approval of the policy endorsement after issuance of subject policy, and that notwithstanding lack of prior approval, Section 3620 of Title 36 [2] serves to validate the subject endorsement. Insurers additionally argue that, at any rate, Hill admitted in her deposition to have failed to read what Hill admitted to be a clear, understandable and unambiguous exclusion, and that Hill may not now claim ignorance of the terms of the policy to avoid the effect thereof.[3]

■ Under the facts and circumstances of this particular case, we find no error by the Trial Court in granting summary judgment to Insurers and denying summary judgment to Hill. In that regard, we tend to agree with Insurers that the purpose behind the Oklahoma Insurance Code, and particularly 36 O.S. §§ 3610 and 3620, are of "inclusionary" intent, i.e., as favoring the grant of coverage where an insurer has attempted to avoid an otherwise statutorily mandated requirement for coverage. However, to apply § 3610 as Hill urges would require us to find the entire insurance contract without force and effect, as the uncontroverted evidence shows neither the policy nor the exclusionary endorsement to have been submitted to or approved by the Insurance Commissioner prior to issuance. We believe to so conclude would clearly contradict the "inclusionary" purpose of the Oklahoma Insurance Code as we construe the intent thereof, and we are not asked by the parties hereto to hold (nor will we so hold) that Hill paid $1,000 in premiums for no insurance coverage whatsoever.

Rather, in the present case, the Trial Court "construed and applied" all terms and conditions of the policy, including the exclusionary endorsement, "in accordance with such conditions and provisions as would have applied had such policy ... or endorsement been in full compliance with the Code" under § 3620, that is, as if the policy and exclusionary endorsement had

---

**2.** That section provides in pertinent part:

Any insurance policy, rider or endorsement hereafter issued and otherwise valid which contains any condition or provision not in compliance with the requirements of this Code, shall not be thereby rendered invalid but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider or endorsement been in full compliance with this Code.

36 O.S.1981 § 3620.

**3.** See, *Nat'l. Fire Ins. Co. of Hartford v. McCoy*, 205 Okl. 511, 239 P.2d 428 (1951) (applicant accepting policy, the provisions of which are plain, clear and free of ambiguity, chargeable with knowledge of terms; duty of insured to read and know contents of policy, and failing in which, insured is estopped from denying such knowledge unless proven that insured was induced not to read the policy). See also, *Allis Chalmers Mfg. Co. v. Byers*, 184 Okl. 475, 88 P.2d 368 (1939); *Badgett v. Okla. Life Ins. Co.*, 176 Okl. 86, 54 P.2d 1059 (1935); *Rollison v. Muir*, 163 Okl. 266, 21 P.2d 1062 (1933); *Liverpool, London & Globe Ins. Co. v. T.M. Richardson Lmbr. Co.* 11 Okl. 579, 69 P. 936 (1902). And see, *Phillis Dev. Co. v. Comm. Std. Ins. Co.*, 457 P.2d 558 (Okl.1969) (retention of policy with objection within reasonable time deemed acceptance).

been submitted to and approved by the Insurance Commissioner as required by § 3610. We therefore find no error of law by the Trial Court in giving effect to all parts of the insurance contract.

Further, we find Hill's allegations of misrepresentation by Insurers unsupported by the evidence, particularly in view of the fact that both the agent and Insurers cautioned Hill to review the policy for requested coverage, which Hill admitted she did not do.[4] The parties cite, and we find, no law or public policy prohibiting the complained-of exclusion, and we therefore find no factual controversy nor error by the Trial Court in granting summary judgment to Insurers.[5]

The order of the Trial Court granting summary judgment to Insurers is therefore AFFIRMED.

GARRETT, P.J. and ADAMS, J., concur.

---

**4.** See, footnote 3.

**5.** Having so held, we find it unnecessary to address Hill's punitive damage claim, for if Insurers have committed no breach of contract or misrepresentations, Insurers can hardly be said to have committed any conduct or bad faith breach of that contract so as to give rise to an entitlement to punitive damages.