2012 OK CIV APP 98

**David DAVIS, Plaintiff/Appellant,**

v.

**PROGRESSIVE NORTHERN INSURANCE CO., Defendant/Appellee.**

**No. 109,361.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 5, 2012.

Benjamin Barnes, Edmond, Oklahoma, for Appellant.

Brad L. Roberson and Dawn M. Goeres, Oklahoma City, Oklahoma, for Appellee.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Appellant, David Davis, seeks review of the trial court's order granting Defendant/Appellee's motion to reconsider the court's previous intermediate order and sustaining Appellee's motion to dismiss. The trial court found the uninsured motorist selection/rejection form completed by the insured, Tammy McWilliams, was in substan-

tial compliance with the statute and was not invalid, despite having not been submitted to the Oklahoma Insurance Commission for approval.

¶ 2 Davis/Appellant was a passenger in a March 30, 2009 single vehicle accident. Manuel McWilliams was driving the vehicle. Tammy McWilliams was the named insured at the time of the accident. She was insured with Progressive Northern Insurance Co., the Defendant/Appellee. Davis was injured in the accident and Progressive paid a policy limits liability claim to Davis in the amount of $25,000.

¶ 3 After the liability claim was paid, Davis sought payment under the policy's uninsured/underinsured motorist (UM/UIM) coverage. Progressive denied this claim because Ms. McWilliams had signed a form rejecting uninsured motorist coverage on March 8, 2008, and had paid no premiums for such coverage.

¶ 4 Upon denial of his uninsured motorist claim, Plaintiff filed suit against Progressive claiming UM/UIM benefits existed under the policy, because the UM/UIM selection/rejection form used by Progressive and signed by Ms. McWilliams had not been filed with or approved by the Oklahoma Insurance Commissioner as required by statute. 36 O.S. 2001 § 3610 (approval of forms). Progressive answered the petition, asserting Plaintiff could state no valid claim, because McWilliams' waiver/rejection of UM/UIM coverage was valid.

¶ 5 Davis filed a partial motion for summary judgment, asking the trial court to find that no valid UM/UIM rejection form was obtained by Progressive and, therefore, minimum UM/UIM policy limits of $25,000 were provided under the policy. He asserted the only question of fact to be decided at trial was the extent of damages owed him under the UM/UIM coverage. Progressive filed a competing motion to dismiss, 12 O.S.2001 § 2012(B)(6), for Plaintiff's failure to state a claim, asserting 36 O.S.2001 § 3620 controls in this case, and the McWilliams rejection form was an effective rejection of UM/UIM coverage.

¶ 6 The trial court initially assigned to the case conducted a hearing and granted Plaintiff's partial motion for summary judgment, denying Progressive's motion to dismiss. Several months later, after a new trial judge was assigned to the case, Progressive filed a motion to reconsider the earlier intermediate order, granting Plaintiff's partial summary judgment. Progressive's arguments were essentially the same. The trial court granted the motion to reconsider, and sustained Progressive's motion to dismiss Plaintiff's petition. The trial court found the McWilliams selection/rejection form was in complete accord with 36 O.S. Supp.2004 § 3636(H) and failure to submit the form to the Department of Insurance for approval did not render the form invalid, citing 36 O.S.2001 § 3620.

■ ¶ 7 The standard of review for an order dismissing a case for failure to state a claim upon which relief can be granted is *de novo* and involves consideration of whether a plaintiff's petition is legally sufficient. *Hayes v. Eateries, Inc.,* 1995 OK 108, ¶ 2, 905 P.2d 778, 780. However, "[i]f, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." 12 O.S.2001 § 2012(B). As there were matters outside the pleadings, affidavits and correspondence attached as exhibits to the motion to reconsider, this motion is converted into one for summary judgment and we will apply the summary judgment standard of review. *State ex rel. Wright v. Oklahoma Corp. Comm'n,* 2007 OK 73, ¶ 48, 170 P.3d 1024, 1039.

¶ 8 Therefore, this court's standard of review of the trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.,* 1996 OK 44, ¶ 15, 914 P.2d 669.

¶ 9 36 O.S. Supp.2004 § 3636(J) outlines the contents of the offer of coverage form, which was required to be offered to all insureds as per § 3636(B).[1] Subsection J provides the selection form "shall" contain the following:

OKLAHOMA UNINSURED MOTORIST COVERAGE LAW

Oklahoma law gives you the right to buy Uninsured Motorist coverage in the same amount as your bodily injury liability coverage. THE LAW REQUIRES U.S. TO ADVISE YOU OF THIS VALUABLE RIGHT FOR THE PROTECTION OF YOU, MEMBERS OF YOUR FAMILY, AND OTHER PEOPLE WHO MAY BE HURT WHILE RIDING IN YOUR INSURED VEHICLE. YOU SHOULD SERIOUSLY CONSIDER BUYING THIS COVERAGE IN THE SAME AMOUNT AS YOUR LIABILITY INSURANCE COVERAGE LIMIT.

Uninsured Motorist coverage, unless otherwise provided in your policy, pays for bodily injury damages to you, members of your family who live with you, and other people riding in your car who are injured by: (1) an uninsured motorist, (2) a hit-and-run motorist, or (3) an insured motorist who does not have enough liability insurance to pay for bodily injury damages to any insured person. Uninsured Motorist coverage, unless otherwise provided in your policy, protects you and family members who live with you while riding in any vehicle or while a pedestrian. THE COST OF THIS COVERAGE IS SMALL COMPARED WITH THE BENEFITS!

You may make one of four choices about Uninsured Motorist Coverage:

1. You may buy Uninsured Motorist coverage equal to your bodily injury liability coverage for $_____ for _____ months.

2. You may buy Uninsured Motorist coverage in the amount of $25,000.00 for each person injured, not to exceed $50,000.00 for two or more persons injured in one occurrence (the smallest coverage which Oklahoma allows) for $_____ for _____ months.

3. You may buy Uninsured Motorist coverage in an amount less than your bodily injury liability coverage, but more than the minimum levels.

4. You may reject Uninsured Motorist coverage.

[Please indicate below what Uninsured Motorist coverage you want:]

_____ I want the same amount of Uninsured Motorist coverage as my bodily injury liability coverage.

_____ I want minimum Uninsured Motorist coverage $25,000.00 per person/$50,000.00 per occurrence.

_____ I want Uninsured Motorist coverage in the following amount:

$_____ per person/$_____ per occurrence.

_____ I want to reject Uninsured Motorist coverage.

_____

Proposed Insured

THIS FORM IS NOT A PART OF YOUR POLICY AND DOES NOT PROVIDE COVERAGE.

36 O.S. Supp.2004 § 3636(J).[2]

¶ 10 The form provided to Ms. McWilliams was identical to the form provided in the statute, except between item 4 and the listed choices of coverage, Ms. McWilliams' form said, "Please indicate what Uninsured Motorist coverage you want:" (see bracketed text indicated above), a sentence that had been required for forms offered prior to April 1, 2005, but was no longer indicated for selection forms offered after April 1, 2005. In all other respects, the form contained in the statute and Ms. McWilliams' form were the same. Ms. McWilliams selected the "I want

---

1. Ms. McWilliams' uninsured motorist coverage selection form was offered and signed in 2008, when the 2004 legislative enactment was still in effect. Section 3636 was not again amended until 2009, after McWilliams purchased the effective policy. As a result, the 2004 form requirements for forms offered after April 1, 2005 were in effect for the policy at issue.

2. Bracketed text is not included in subsection J, but was included in McWilliams' selection rejection form.

to reject Uninsured Motorist coverage" option and paid no premiums for such coverage.

■ ¶ 11 Plaintiff's argument maintains the McWilliams selection/rejection language was not approved by the Oklahoma Insurance Commission and is therefore invalid. The question presented in this appeal is whether Progressive's failure to obtain Insurance Commission approval makes the selection form completely ineffective for purposes of providing the required opportunity to the insured to procure uninsured motorist coverage and the required proof such coverage was rejected. *May v. National Union Fire Ins. Co. of Pittsburgh,* 1996 OK 52, 918 P.2d 43, 47–48. We find the form was an effective rejection of UM/UIM coverage.

¶ 12 Title 36 O.S.2001 § 3610(A) provides no insurance policy form, including riders and endorsements, may be "issued, delivered or used unless filed with and approved by the Insurance Commissioner." It is Plaintiff's position that failure to get this required approval invalidates the unapproved form, making it as if McWilliams was never offered a UM/UIM selection/rejection, resulting in a policy with $25,000 in UM/UIM insurance coverage. *May,* 918 P.2d at 47–48, 918 P.2d 43 (absent written rejection, automobile policy must include minimum UM coverage).

¶ 13 However, 36 O.S.2001 § 3620 (emphasis added) addresses the validity of forms which do not comply with the insurance statute, including unapproved forms:

Any insurance policy, rider, or endorsement hereafter issued and otherwise valid which contains any condition or provision not in compliance with the requirements of this Code, *shall not be thereby rendered invalid* but shall be construed and applied in accordance with such conditions and provisions as would have applied had such

policy, rider, or endorsement been in full compliance with this Code.

Section 3620 does not indicate the form is invalid. Instead, it should be "construed and applied ..." In fact, the Oklahoma Supreme Court specifically noted that nowhere has the court found a mandated sanction for failure to secure the required submission and approval of enumerated insurance forms. *Roark v. Shelter Mut. Ins. Co.,* 1986 OK 82, 731 P.2d 389, 389–90 ("Our reading of the statute in question shows us the requirement for submission and approval of all enumerated insurance forms, but nowhere do we find any mandated sanction for failure to do so.").

■ ¶ 14 The appellate court in *Hill v. Agri–Risk Serv. and Traders Ins. Co.,* 1992 OK CIV APP 16, 827 P.2d 904, applied § 3620 to a policy that had not been approved by the Insurance Commissioner. In doing so, the court determined that an exclusionary endorsement was not invalid despite the insurer's failure to secure the required preapproval of the Insurance Commissioner.

Rather, in the present case, the Trial Court "construed and applied" all terms and conditions of the policy, including the exclusionary endorsement, "in accordance with such conditions and provisions as would have applied had such policy ... or endorsement been in full compliance with the Code" under § 3620, that is, as if the policy and exclusionary endorsement had been submitted to and approved by the Insurance Commissioner as required by § 3610. We therefore find no error of law by the Trial Court in giving effect to all parts of the insurance contract.

*Hill,* 827 P.2d at 906–07. Other cases have reached similar results. *See F.D.I.C. v. American Cas. Co. of Reading, PA,* 975 F.2d 677, 683 (10th Cir.1992);[3] *Powell v. Ameri-*

---

3. "Voiding the endorsements would not leave the insured without coverage, as it would have in *Hill;* rather it would increase the coverage available to the insured. Nonetheless, we do not believe that the Oklahoma legislature intended that otherwise lawful exclusions be voided simply for failure to comply with section 3610. Voidance of exclusion to an insurance policy is a severe penalty which alters the very terms of the deal between the parties. It requires the insurer to provide coverage for uncontracted risk, cover-

age for which the insured has not paid. The legislature specifically required voidance of provisions in at least two other sections of the Oklahoma Insurance Code. Okla.Stat.Ann., tit. 36, §§ 3615, 3617. Its failure to provide a similar explicit penalty for violation of section 3610 indicates that it did not intend such a severe sanction. Therefore, we find that failure to comply with section 3610 does not void the regulatory exclusion in the Directors' insurance policy." *F.D.I.C.,* 975 F.2d at 683.

*can Cas. Co. of Reading, P.A.,* 772 F.Supp. 1188, 1191 (W.D.Okla.1991).[4]

¶ 15 Invalidation of the selection/rejection form is not Davis' remedy, even if the McWilliams selection form was unapproved. Application of § 3620 requires that the form be "construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with this Code." In so doing, we can find no error in the trial court's determination that no UM/UIM coverage existed under the terms of McWil-

liams' policy, because Ms. McWilliams effectively rejected the coverage.

¶ 16 The order of the trial court is AFFIRMED.

BUETTNER, P.J., and GOREE, J., concur.

---

4.  "Plaintiffs also state that the regulatory endorsement should be void and unenforceable based on Defendants' failure to comply with 36 O.S. § 3610(A). Under Title 36 O.S. § 3610(A), an insurance company is proscribed against issuance, delivery or use of any endorsements which are not unique and which have not been filed and approved by the Insurance Commissioner. Section 3610(A) does not state, however, that such endorsements are void or unenforceable for failure to file with the Insurance Commissioner." *Powell,* 772 F.Supp. at 1191.