Harold G. POWELL, Don M. Frensley, C.H. Dunn, Richard L. Reynolds, Joel S. Barbour, R.E. Barbour, Gail A. Armstrong, O.T. McCall, Jane M. Patten, William R. Patten, M.D., Estate of J.H. "Jack" Patten, Al J. Loeffelholz, and Gary Lohne, Plaintiffs,

v.

AMERICAN CASUALTY COMPANY OF READING, PA., and Continental Casualty Co., Defendants.

No. CIV-90-897-W.

United States District Court, W.D. Oklahoma.

Feb. 26, 1991.

ORDER

LEE R. WEST, District Judge.

This matter comes before the Court on Motion for Summary Judgment by Defendants American Casualty Company of Reading, Pa. and Continental Casualty Co. (Defendants). In this lawsuit, Plaintiffs allege three counts against the Defendants and seek recovery: 1) for Defendants' failure to give notice of refusal to renew the 1981 Policy; 2) under the 1984 Policy; and 3) for breach of implied covenant of good faith, among other things. For the reasons stated below, the Court denies the Defendants' Motion for Summary Judgment regarding Counts I and III of the Complaint, but grants Defendants' Motion for Summary Judgment regarding Count II (the 1984 Policy).

In this case, the Plaintiffs are former directors and officers of the Security National Bank & Trust Company of Norman, Oklahoma (Security Bank). The Plaintiffs have been sued by the Federal Deposit Insurance Corporation (FDIC), based on allegations that Plaintiffs were negligent in making certain loans.

Plaintiffs herein seek a declaratory judgment establishing the existence of insurance coverage for claims in the FDIC action under two separate director and officer liability insurance policies which the Court refers to as the 1981 Policy and the 1984 Policy.

The 1981 Policy was a three year, $2,000,000.00 liability policy which did not include any significant restrictive exclusions from coverage. The 1984 Policy was

a one year policy which raised the deductibles and the premiums and further added restrictive endorsements known as the regulatory exclusion and the insured versus insured exclusion. The regulatory exclusion excludes any actions brought by the FDIC against the directors and officers. The insured versus insured exclusion excludes actions brought by the officers and directors of the Bank against each other.

The Plaintiffs as a basic premise assert that the Defendants "schemed" to reduce coverage and deprive Plaintiffs from the benefit of the 1981 Policy because Defendants knew Security Bank was a troubled financial institution. More specifically, Plaintiffs assert that Defendants failed to give notice of the refusal to renew the 1981 Policy.

Defendants assert that Plaintiffs understood and agreed that the 1984 Policy would be deemed a renewal of the 1981 Policy, therefore obviating the need to give notice of refusal to renew. Defendants assert in the Motion before the Court now that as a matter of law Plaintiffs agreed and understood the 1984 Policy to be a renewal of the 1981 Policy. Defendants further assert in the Motion before the Court that in any event the 1984 Policy contains exclusions which bar coverage pertaining to the FDIC action.

■ On a motion for summary judgment, the Court must construe the facts in a way most favorable to a nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The existence of any "genuine issue as to any material fact precludes the grant of summary judgment." Rule 56(c), Fed. R.Civ.P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the instant matter, the Court finds a question of fact exists as to whether the parties agreed and understood that the 1984 Policy constituted a renewal of the 1981 Policy. Accordingly, a question of fact exists as to whether Defendants were

required to give notice of refusal to renew under the 1981 Policy.

The Court does not find a question of fact regarding the restrictive endorsements under the 1984 Policy.[1] Plaintiffs assert that the regulatory exclusion (i.e., excluding coverage based upon or attributable to actions or proceedings brought by or on behalf of FDIC) is against public policy, doesn't apply to the FDIC action, and should be held void or unenforceable because Defendants failed to file the endorsement with the Oklahoma Insurance Commissioner. This Court rejects Plaintiffs' arguments.

■ Plaintiffs assert that the regulatory exclusion violates public policy basically because it frustrates FDIC's ability to perform its functions and duties for the public. Under the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), Congress allows the FDIC to enforce a contract notwithstanding contractual provisions providing for termination of rights upon insolvency and appointment of a receiver. However, Congress provided an exception for directors and officers liability insurance contracts. *See* 12 U.S.C. § 1821(e)(12)(A). It appears to this Court that Congress does not view director and officer liability insurance contracts which exclude regulatory actions as violating public policy.

■ Plaintiffs' argument that the exclusion doesn't apply to the FDIC action is a strained interpretation of the endorsement language. The endorsement states in pertinent part:

"It is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any claim made against the Directors of [sic] Officers based upon or attributable to: any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation[.]"

---

1. Defendants raise the issue that no claim or occurrence sufficient to trigger coverage was presented under the 1984 Policy. The Court does not need to reach this issue because the regulatory exclusion and the insured versus insured exclusion bar coverage under these circumstances.

This language is clear and unambiguous. The terms in an insurance contract should be construed according to the ordinary, plain and accepted use in common speech. *Houston v. National General Ins. Co.*, 817 F.2d 83 (10th Cir.1987).

Plaintiffs also state that the regulatory endorsement should be void and unenforceable based on Defendants' failure to comply with 36 O.S. § 3610(A). Under Title 36 O.S. § 3610(A), an insurance company is proscribed against issuance, delivery or use of any endorsements which are not unique and which have not been filed and approved by the Insurance Commissioner. Section 3610(A) does not state, however, that such endorsements are void or unenforceable for failure to file with the Insurance Commissioner. This Court feels that if the Oklahoma Legislature had intended that unfiled, unapproved endorsements be void, it would have said so. In other provisions of the Oklahoma Insurance Code originally enacted in the same year as Section 3610(A), the Oklahoma Legislature specifically provided for voiding certain policy provisions in violation of the statute. *See* 36 O.S. § 3615 and 3617. This Court will not engraft upon Section 3610 language imposing a drastic sanction which the Oklahoma Legislature knew how to use and did not.

The Oklahoma Supreme Court has not considered the precise issue of whether insurance application forms, policies or endorsements which are not filed with the Insurance Commissioner are enforceable. The Oklahoma Supreme Court, however, has reversed a trial court's exclusion from evidence an unfiled insurance application form. *Roark v. Shelter Mutual Insurance Co.*, 731 P.2d 389 (Okla.1986). In that case, the Court was not persuaded that exclusion from evidence was the Legislature's intent as to the proper remedy for noncompliance with Section 3610. This may suggest that should the Oklahoma Supreme Court be confronted with the issue,

it may find that such unfiled endorsements subject the insurance company to regulatory sanctions rather than voiding such provisions.[2]

Plaintiffs also argue that the insured versus insured exclusion is against public policy and does not apply to the action asserted by FDIC. The Court finds the insured versus insured exclusion does not violate public policy, and further finds that said exclusion applies to actions by FDIC which stands in the shoes of the Security Bank in prosecuting claims. Because the insured versus insured specifically excludes any claims made by the "institution" (i.e., Security Bank), it follows that the FDIC's action is excluded under the circumstances.

Defendants also seek summary judgment to preclude Plaintiffs' Count III which includes breach of implied covenant of good faith. The Court finds a question of fact may exist which is connected with a trier of fact's determination of whether the parties had an agreement that the 1984 Policy would be deemed a renewal of the 1981 Policy. In light of the facts most favorable to the nonmovant, it is possible that a trier of fact could find that the parties had no such agreement and that the Defendants' failure to give notice of refusal to renew was unreasonable and in bad faith.

Accordingly, this Court DENIES Defendants' Motion for Summary Judgment regarding Plaintiffs' Counts I and III but GRANTS Defendants' Motion for Summary Judgment to the extent that Plaintiffs' claims made under the 1984 Policy are barred by the restrictive endorsements therein.

---

**2.** This Court notes that the Arizona statute from which Section 3610 is derived, A.R.S. § 20–1110 has been interpreted by the Arizona Supreme Court as allowing policies in violation to be enforceable, but subjecting the issuer to a fine. *See Southern Casualty Co. v. Hughes,* 33 Ariz. 206, 263 P. 584, 586 (1928). The Oklahoma Supreme Court in its *Roark* decision cited *Southern Casualty Co. v. Hughes* as a basis for its reasoning.