**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION as Receiver of Sun Belt Federal Bank, F.S.B.**

v.

**Wendell P. SHELTON, et al.**

**Civ. A. No. 86–393–B.**

United States District Court,
M.D. Louisiana.

Feb. 28, 1992.

John M. Wilson, Trial Atty., Frederick W. Bradley, James D. McMichael, Cheryl V. Cunningham, Liskow & Lewis, New Orleans, La., for FDIC, as manager of the FSLIC Resolution Trust Fund, as receiver for SBFB, F.S.B.

Frank J. Gremillion, Baton Rouge, La., Ronald B. Ravikoff, Zuckerman, Spaeder, Taylor & Evans, Miami, Fla., for Wendell P. Shelton.

Sam J. D'Amico, D'Amico & Curet, Baton Rouge, La., for A. Larry Tullos.

Scott H. Crawford, James R. Lewis, Preis & Crawford, Baton Rouge, La., for Robert N. Amacker, Jr., Robert B. Holt, Jr., Harold Dennis, Reynold Minsky, and Bruce Betts.

William A. Hargiss, Monroe, La., for Glenn D. Tanner.

William V. Dalferes, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for Flournoy Guenard.

Jon C. Adcock, Brook, Morial, Cassibry & Pizza, Baton Rouge, La., Fred J. Cassibry, Jan T. van Loon, Brook, Morial, Cassibry & Pizza, New Orleans, La., for Harry O. Adcock.

Marianne S. Pensa, Galloway, Johnson, Tompkins & Burr, New Orleans, La., Murray H. Wright, Edward E. Nicholas, III, Laura G. Fox, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Va., for Continental Cas. Co. and American Cas. Co. of Reading, Pa.

Charles A. Schutte, Jr., Matthews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for Frederick Duplantis.

## RULING ON FDIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO REGULATORY EXCLUSION IN AMERICAN CASUALTY POLICY

POLOZOLA, District Judge.

This matter is before the Court for a determination of whether the regulatory exclusion set forth in a policy issued to the officers and directors of Sun Belt Federal Bank, F.S.B. (Sun Belt) is valid.

The Federal Deposit Insurance Corporation (FDIC) has filed suit against American Casualty Company of Reading, Pennsylvania ("American Casualty")[1] based on a Director's and Officer's Liability policy issued to Sun Belt by American Casualty.

The insurance agreement contained a Regulatory Exclusion which was set forth in Endorsement #7 to the policy. Endorsement #7 reads in pertinent part:

> It is understood and agreed that the insurer shall not be liable to make any payment for Loss in connection with any claim made against Directors of [sic] Officers based upon or attributable to:

> any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation ... or any other national or state regulatory agency ..., including any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator or otherwise; whether such action or proceeding is brought in the name of such Agencies or by or on behalf of such Agencies in the name of any other entity or solely in the name of any Third Party.

This matter is now before the Court on the motion of the FDIC for a partial summary judgment. The FDIC seeks to have the Court declare that Endorsement No. 7 is unenforceable because it is ambiguous, or in the alternative, is against public policy. The Court, on its own motion, converts the FDIC's motion to a cross motion for

---

1. The officers and directors were also named as defendants in this suit as well as Continental Casualty Insurance Company.

summary judgment since all parties have addressed the issue before the Court.[2]

## IS THE REGULATORY EXCLUSION AMBIGUOUS?

■ In determining whether the insurance policy is ambiguous, the Court must apply Louisiana law. Any ambiguity must be resolved against the insurer.[3] The FDIC contends the policy is ambiguous because of the phrase "based upon or attributable to". The FDIC contends that the language should be construed only to preclude coverage for "secondary suits," or actions in which the directors and officers are sued by a third party as a result of actions commenced by a regulatory agency. This contention is without merit.

The policy clearly and unambiguously precludes coverage for any loss in connection with a claim based upon an action brought by the FDIC. When the exclusion is read in connection with the rest of the policy, it is clear that there is no coverage afforded under the policy for a suit brought by the FDIC. The policy issued by American Casualty insures both direct losses sustained by the directors and officers and losses sustained by Sun Belt because of any indemnification requirement it has to its officers and directors. Since the insurer seeks to have the exclusion apply to both direct and indemnification losses, the phrase "attributable to" is necessary in the exclusion. Indemnifying losses to Sun Belt would always be "attributable to" claims made against its directors and officers.

It is interesting to note that the phrase "based upon" is utilized by the Congress in 12 U.S.C. § 1821(k) to define the FDIC's rights of recovery in suits brought by the Corporation against directors and officers of failed financial institutions.[4] The statute authorizes recovery by the FDIC in "any civil action by or on behalf of ... the Corporation ... acting as receiver of such institution...." The American Casualty endorsement excludes coverage for "[l]oss in connection with any claim ... based upon ... any action brought by or on behalf of the Federal Deposit Insurance Corporation ... including any type of legal action which such Agencies have the legal right to bring as receiver...." When the language of the statute is compared to the language of the endorsement, the FDIC's rights of recovery closely parallel the loss excluded by the American Casualty policy. Hence, the language on which the FDIC relies in part for its recovery is similar to that which American Casualty relies to exclude coverage.

If the regulatory exclusion in interpreted in the context of recovery permitted by 12 U.S.C. § 1821(k), the phrase "attributable to" is not ambiguous. The statute provides for recovery of damages by the FDIC or plaintiffs who pursue the claim at the request of the director of the FDIC through an assignment or conveyance of the claim. The phrase "attributable to" excludes coverage for losses that occur when the FDIC assigns or conveys a claim against di-

**2.** *Metropolitan Property & Liability Insurance Co. v. Landry,* 729 F.Supp. 1581, 1582 (M.D.La. 1990) (citing *Matter of Caravan Refrigerated Cargo, Inc.,* 864 F.2d 388, 393 (5th Cir.1989)).

**3.** *Garcia v. St. Bernard Parish School Bd.,* 576 So.2d 975, 976 (La.1991).

**4.** 12 U.S.C. § 1821(k) provides in its entirety:
A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—
(1) acting as conservator or receiver of such institution,
(2) acting *based upon* a suit, claim, or cause of action purchased from, assigned by, or

otherwise conveyed by such receiver or conservator, or
(3) acting *based upon* a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1823 of this title,
for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable state law. Nothing in this paragraph shall impair any right of the Corporation under other applicable law. (Emphasis supplied.)

rectors and officers to a third party. The fact that the endorsement might exclude coverage for "secondary suits" does not mean that claims such as those brought by this suit are not also excluded.

This Court's decision is in accord with a decision rendered by the Eighth Circuit in *American Casualty Co. of Reading, Pa. v. FDIC*[5] wherein the Eighth Circuit upheld a regulatory exclusion virtually identical to the one issued in this case.[6] Finding the exclusion neither ambiguous nor against public policy, the Eighth Circuit found their conclusion "in line with the vast majority of courts which have considered this exclusion."[7] While the Eighth Circuit did not engage in an elaborate discussion of the issue, it did affirm the district court's opinion which found that the exclusion was not ambiguous and was not contrary to public policy.[8]

More recently, a federal district court[9] rejected the FDIC's "secondary suit" argument. The regulatory exclusion in *FDIC v. Zaborac* contained language identical to the language in the American Casualty policy involved in this case. The *Zaborac* court held that a "plain and ordinary reading of the regulatory exclusion includes direct claims or actions by the FDIC against the directors or officers."[10] The court in *American Casualty Co. of Read-*

*ing, Pa. v. Baker*[11] reached a similar conclusion when it held that "only the 'secondary suit' limitation, offered by the [FDIC], creates strain on the contractual provision in issue."[12]

For reasons set forth above, the Court finds the regulatory exclusion in Endorsement #7 to be unambiguous.

## IS THE REGULATORY EXCLUSION VIOLATIVE OF PUBLIC POLICY?

■ The FDIC also contends the regulatory exclusion is against public policy. The FDIC bases its argument on the provisions of 12 U.S.C. § 1821(d)(2)(A)(i) which grant to the FDIC in its capacity as receiver of failed financial institutions:

[a]ll rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and assets of the institution.

■ Under Louisiana law the American Casualty insurance policy is a conventional obligation[13] with a resolutory condition. The obligation owed by American Casualty under the policy was to insure and indemnify the directors and officers of Sun Belt as well as Sun Belt itself for indemnification

---

**5.** 944 F.2d 455 (8th Cir.1991).

**6.** While the *American Casualty* opinion did not set forth regulatory exclusion analyzed by the appellate court, the district court opinion does provide the language at issue. *See American Casualty Co. of Reading, Pennsylvania v. FDIC,* Civ. No. 86–4108, 1990 WL 66505 (N.D. Iowa Feb. 26, 1990):

"The 1984 Policy contains two provisions at issue here. Endorsement No. 2 ("regulatory exclusion") retracts liability of D & O insurance coverage for claims made against the insureds for:

any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation, the Federal Savings and Loan Corporation, any other depository insurance organization, the Comptroller of the Currency, the Federal Home Loan Bank Board, or any other national or state regulatory agency (all of said organizations and agencies hereinafter referred to as ("Agencies"), including any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator or otherwise: whether such action

is brought in the name of such Agencies or by or on behalf of such Agencies in the name of any other entity or solely in the name of any Third Party." *Id.* at p. 10.

**7.** 944 F.2d at 460–461.

**8.** *American Casualty Co. of Reading, Pennsylvania v. FDIC, supra,* at note 6.

**9.** *FDIC v. Zaborac,* 773 F.Supp. 137 (C.D.Ill. 1991).

**10.** 773 F.Supp. at 142.

**11.** 758 F.Supp. 1340 (C.D.Cal.1991).

**12.** 758 F.Supp. at 1347.

**13.** A conventional obligation, such as created by an ordinary contract or an insurance policy, is a legal relationship whereby the obligor is bound to render a performance in favor of the obligee. *Schroeder v. Board of Supervisors of Louisiana State University,* 591 So.2d 342 (La.1991).

losses. The regulatory exclusion, which is a part of the insurance agreement, excluded coverage for losses which arose because of claims made by the FDIC against Sun Belt's directors and officers. Therefore, the exclusion is nothing more than a resolutory condition.[14]

The comments to Article 1767 of the Louisiana Civil Code recognize the viability of parties utilizing a resolutory condition to formulate a strictly personal obligation.[15] If the FDIC is seeking subrogation to Sun Belt's status as an insured, then the insurance obligation was not assigned because the obligation was strictly personal to Sun Belt as obligee. Louisiana law recognizes that "an obligation is strictly personal when its performance can be enforced only by the obligee."[16] The agreement between Sun Belt and American Casualty to include the regulatory exclusion in the agreement prohibits the assignability of the contract or subrogation under the contract. Therefore, 12 U.S.C. § 1821(d)(2)(A)(i) does not create rights, but does serve as a statutory basis for transferring existing rights from the depository institution to the FDIC.

The FDIC's public policy argument is further weakened by the reluctance of Congress to invalidate regulatory exclusions in policies such as the American Casualty policy. The original version of the Financial Institution Reform, Recovery and Enforcement Act[17] ("FIRREA") which was presented to the Senate Banking Committee provided that the FDIC could require a directors and officers liability policy to continue in effect even if the contract contained a resolutory condition regarding receivership by the FDIC. This provision was deleted from FIRREA. The bill's sponsor noted the problems inherent in legislatively rewriting insurance policies after insurance companies had assigned premiums to those policies which took into account the exclusion.[18]

Congress' reluctance to regulate or affect director and officer liability policies is manifest by the enactment of 12 U.S.C. § 1821(e)(12)(A) which provides that:

> The conservator or receiver may enforce any contract, other than a director's and officer's liability insurance contract ... entered into by the depository institution notwithstanding any provision of the contract providing for termination, default, acceleration, or exercise of rights upon, or solely by reason of, insolvency or the appointment of a conservator or receiver.

Since Congress carved an exception for director's and officer's liability policies in the statute, the FDIC's public policy argument is clearly without merit. In the absence of any expressed or well defined public policy, this Court declines the invitation to vitiate the agreement between American Casualty and Sun Belt. The Court's decision is clearly supported by a majority of the courts which have considered this issue.[19]

## CONCLUSION

Since all parties have fully briefed the issue before the Court, the Court, on its own motion, has converted the pending motion for summary judgment to a cross motion for summary judgment.[20] The Court

---

**14.** La.Civ.Code art. 1767 provides in pertinent part that:
> A conditional obligation is one dependent upon an uncertain event.
> If the obligation may be immediately enforced but will come to an end when the uncertain event occurs, the condition is resolutory.

**15.** La.Civ.Code art. 1767, comment (c).

**16.** La.Civ.Code art. 1766.

**17.** Pub.L. No. 101–73, 103 Stat. 183 (Title II codified at 12 U.S.C. §§ 1811–1833).

**18.** 135 Cong.Rec. S1278 (daily ed. April 19, 1985) (statement of Senator Riegle).

**19.** *American Casualty Co. of Reading, Pennsylvania,* 944 F.2d 455, 460–461 (8th Cir.1991); *FDIC v. Zaborac,* 773 F.Supp. 137, 147 (C.D.Ill.1991) ("A policy question such as whether these exclusions will ultimately benefit or burden the federal banking system is a policy question to be decided by Congress or by an agency under its rule-making power."); *American Casualty Co. v. Baker,* 758 F.Supp. 1340, 1347 (C.D.Cal.1991); *Continental Casualty v. Allen,* 710 F.Supp. 1088, 1010 (N.D.Tex.1989); *Finci v. American Casualty Co.,* 323 Md. 358, 593 A.2d 1069 (1991).

**20.** *Supra* at note 2.

finds that the regulatory exclusion set forth in Endorsement No. 7 [21] is valid and enforceable.

THEREFORE, IT IS ORDERED that the FDIC's motion for partial summary judgment on the regulatory exclusion be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of American Casualty Company of Reading, Pennsylvania for partial summary judgment on the regulatory exclusion be and it is hereby GRANTED.