**AMERICAN CASUALTY COMPANY, of Reading, Pa., Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver and liquidator for First State Bank of Blanchard, Oklahoma and in its corporate capacity, John Hudson, Janet Hudson, Randall Hill, Jack Marshall, Alford L. Robertson and Jack B. Rackley, Defendants.**

No. CIV–91–1583–C.

United States District Court, W.D. Oklahoma.

April 17, 1992.

of Blanchard, Oklahoma, and if enforced against its Receiver, the FDIC, would bar its claims as well. Endorsement No. 2 to the Policy provides in pertinent part:

> It is understood and agreed that the Insurer shall not be liable to make any payment for Loss, as defined in Clause 1(d) hereof, which is based upon or attributable to any claim made against any Director or Officer by any other Director or Officer or by the Institution [First State Bank] defined in Clause 1(a) of the Policy (hereinafter called the "Institution"), except for a shareholders derivative action brought by a shareholder of the Institution other than an Insured.

FDIC's brief at Ex. 8, p. 6 (Mar. 18, 1992).

The majority view would find that the FDIC, although it has stepped into the shoes of First State Bank, is not barred from bringing suit by the pertinent provision. *See, e.g., FDIC v. Zaborac,* 773 F.Supp. 137, 142–44 & n. 5 (C.D.Ill.1991) (dictum); *St. Paul Fire & Marine Ins. Co. v. FDIC,* 765 F.Supp. 538, 548 (D.Minn. 1991) (finding exclusion provision ambiguous and thus construing against insurer); *American Cas. Co. v. Baker,* 758 F.Supp. 1340, 1348–50 (C.D.Cal.1991) (analyzing cases); *Fidelity & Deposit Co. v. Zandstra,* 756 F.Supp. 429, 432–34 & nn. 7, 8 (N.D.Cal.1990) (citing cases); *Branning v. CNA Ins. Cos.,* 721 F.Supp. 1180, 1184 (W.D.Wash.1989); *Continental Cas. Co. v. Allen,* 710 F.Supp. 1088, 1097–98 (N.D.Tex. 1989) (dictum); *American Cas. Co. v. FSLIC,* 704 F.Supp. 898, 900–02 (E.D.Ark. 1989); *FDIC v. National Union Fire Ins. Co.,* 630 F.Supp. 1149, 1152, 1157 (W.D.La. 1986). *Contra Powell v. American Cas. Co.,* 772 F.Supp. 1188, 1191 (W.D.Okla.1991); *Gary v. American Cas. Co.,* 753 F.Supp. 1547, 1554–55 (W.D.Okla.1990) (finding persuasive that FDIC was suing in its corporate capacity only and therefore represented only interests of bank); *Mt. Hawley Ins. Co. v. FSLIC,* 695 F.Supp. 469, 481–82 (C.D.Cal. 1987) (subject exclusion provision did not contain a shareholder derivative suit exception).

John R. Couch, Pierce Couch Hendrickson, Johnston and Baysinger, Oklahoma City, Okl., Sean M. Hanifin, David L. Perry, Ross Dixon & Masback, Washington, D.C., for plaintiff.

Donna Nix Blakley, Kirk D. Fredrickson, Jon Epstein, Watson & McKenzie, C. Merle Gile, Oklahoma City, Okl., for defendants.

## ORDER

CAUTHRON, District Judge.

### I. INTRODUCTION

At issue is plaintiff American Casualty Company's ("American") motion filed March 3, 1992, for partial summary judgment on the "Insured vs. Insured" exclusion provision in the director and officers' liability insurance policy. American filed its designation of undisputed facts on March 9, 1992, as directed by the Court. Defendant FDIC responded in opposition on March 18, 1992. American replied on March 27, 1992.

### II. ANALYSIS

American urges the Court to enforce an insurance exclusion provision that would bar insurance coverage to First State Bank

The majority would reach this result because the FDIC in its receivership capacity represents the interests of uninsured shareholders as well as the bank, and uninsured shareholder derivative actions are expressly excepted by the subject provision. *See, e.g., Fidelity & Deposit Co. v. Zandstra,* 756 F.Supp. at 431–32. The quoted endorsement shows that the insurer intended to assume the risk of mismanagement, waste, fraud or abuse, and these are precisely the claims brought by the FDIC. The obvious intent behind the "insured vs. insured" exclusion is to protect the insurer from collusive suits among a bank and its directors and officers; but the FDIC's involvement is obviously not collusive. *Id.; see also* 12 U.S.C. § 1821(d)(2)(A)(i) (the FDIC is granted all rights, titles, powers, and privileges of shareholders); 6 Okla. Stat. § 712 (directors and officers are liable to stockholders for loss resulting from any violation of law). *But cf. Mt. Hawley Ins. Co. v. FSLIC,* 695 F.Supp. at 481 (where contract provision specifically named "assigns" and included shareholder derivative suits in the exclusion provision). The Court concludes that partial summary judgment should be denied on this issue.

The Court is aware that two cases from this district have reached the opposite result. *See Powell v. American Cas. Co.,* 772 F.Supp. at 1191 (West, J.); *Gary v. American Cas. Co.,* 753 F.Supp. at 1554 (Russell, J.). In both cases, however, the subject policies contained a clearly expressed intent to *include* FDIC in the exclusion provisions. That distinguishing fact bolsters the holding in those cases, but it is not present in the instant case. Here, the exclusion provision contains no expressed reference to the FDIC or to any successors, assigns or receivers. Such language could easily have been made a part of the policy exclusion if it was so intended and, in fact, has been on numerous other occasions.

### III. CONCLUSION

Accordingly, plaintiff American Casualty Company's motion for partial summary judgment on the "Insured vs. Insured" policy exclusion issue is DENIED. FDIC has up to 30 days from the date this Order is entered to respond to the remainder of American's motion as set forth at the March 5, 1992, Scheduling Conference.

IT IS SO ORDERED.