**AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA,**
Plaintiff–Appellee,

v.

**FEDERAL DEPOSIT INSURANCE
CORPORATION, Defendant–
Appellant.**

No. 92–2457.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 1, 1993.

Decided Feb. 3, 1994.

Christian Preus (argued), William M. Hart, Meagher & Geer, Minneapolis, MN, for plaintiff-appellee.

Lowell E. Sachnoff (argued), Richard G. Smolev, Judi A. Lamble, Carolyn H. Rosenberg, Sachnoff & Weaver, Chicago, IL, Janet A. Jenkins, Johns & Flaherty, La Crosse, WI, Robert A. Patrick, F.D.I.C., Washington, DC, for defendant-appellant.

Before CUMMINGS and COFFEY, Circuit Judges, and ZAGEL, District Judge.*

CUMMINGS, Circuit Judge.

In June 1986 the Wisconsin Bank Commissioner declared the American Bank of Alma, Wisconsin (the "Bank") to be insolvent, and the Federal Deposit Insurance Company (the "FDIC") was appointed the Bank's receiver. In June 1989 the FDIC commenced suit against the former directors of the Bank in Wisconsin state court, alleging, *inter alia,* breach of fiduciary duty, and seeking to recover approximately five million dollars. Although it did not name the Bank's insurance company, the American Casualty Company of Reading, Pennsylvania ("American Casualty"), as a defendant in the state court action, the FDIC sought recovery solely from the

---

* The Honorable James B. Zagel, District Judge for the Northern District of Illinois, is sitting by  designation.

proceeds of the insurance policy issued to the Bank by American Casualty. American Casualty subsequently commenced an action in federal district court, based on diversity of the parties, seeking declaratory judgment that certain provisions in the contract for insurance between American Casualty and the Bank preclude the FDIC from recovering from American Casualty in the state court action. The state proceedings have been stayed pending resolution of American Casualty's federal suit.

The district court, in a well-reasoned opinion, granted summary judgment in favor of American Casualty. This result was consistent with cases from the Fourth Circuit, *FDIC v. American Casualty Co. of Reading, Pennsylvania,* 995 F.2d 471 (1993), the Fifth Circuit, *Fidelity & Deposit Co. of Maryland v. Conner,* 973 F.2d 1236 (1992), the Eighth Circuit, *St. Paul Fire and Marine Insurance Co. v. FDIC,* 968 F.2d 695 (1992); *American Casualty Co. of Reading, Pennsylvania v. FDIC,* 944 F.2d 455 (1991), and the Tenth Circuit, *FDIC v. American Casualty Co. of Reading, Pennsylvania,* 975 F.2d 677 (1992). It was consistent with cases from numerous district courts. See, *e.g., American Casualty Co. of Reading, Pennsylvania v. FDIC,* No. 1:91–CV–692, 1993 WL 625521, 1993 U.S.Dist. LEXIS 5858 (W.D.Mich. Jan. 8, 1993); *American Casualty Co. of Reading, Pennsylvania v. Resolution Trust Corp.,* 839 F.Supp. 282 (D.N.J.1993); *American Casualty Co. of Reading, Pennsylvania v. FDIC,* Civil Action No. S90–0496 (BR), 1993 WL 610760 (S.D.Miss. April 7, 1993); *Bartley v. National Union Fire Insurance Co. of Pittsburgh, Pennsylvania,* 824 F.Supp. 624 (N.D.Tex.1992); *National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Resolution Trust Corp.,* No. H–92–1157, 1992 U.S.Dist. LEXIS 14914 (S.D.Tex. Aug. 13, 1992); *FSLIC v. Shelton,* 789 F.Supp. 1355 (M.D.La.1992); *FDIC v. Continental Casualty Co.,* 796 F.Supp. 1344 (D.Or.1991); *FDIC v. American Casualty Co. of Reading, Pennsylvania,* 814 F.Supp. 1021 (D.Wyo.1991); *Powell v. American Casualty Co. of Reading, Pennsylvania,* 772 F.Supp. 1188 (W.D.Okla. 1991); *American Casualty Co. of Reading,*

*Pennsylvania v. Baker,* 758 F.Supp. 1340 (C.D.Cal.1991). The decision was also consistent with state court and legislative determinations. See, *e.g., Finci v. American Casualty Co. of Reading, Pennsylvania,* 323 Md. 358, 593 A.2d 1069 (1991); *WMBIC Indemnity Segregated Account,* Case No. 85–CV–3361 (Cir.Ct., Dane Cty., Wis. Aug. 1991), discussed in *Continental Casualty Co.,* 796 F.Supp. at 1346; Colo.Rev.Stat. §§ 11–3–120, 11–22–116 and 11–41–134 (1993). The FDIC now appeals, renewing arguments that have been made, and rejected, in other fora—often in cases involving the same two parties that are before us now. We affirm.

At issue in the district court were two endorsements to the contract of insurance between American Casualty and the Bank, the so-called "Regulatory Exclusion" and the so-called "Insured vs. Insured Exclusion." The Regulatory Exclusion provides:

It is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any claim made against the Directors of [sic] Officers based upon or attributable to:

*any action or proceeding brought by or on behalf of the Federal Deposit Insurance Corporation,* the Federal Savings & Loan Insurance Corporation, any other depository insurance organization, the Comptroller of the Currency, the Federal Home Loan Bank Board, or any other national or state regulatory agency (all of said organizations and agencies hereinafter referred to as "Agencies"), *including any type of legal action which such Agencies have the legal right to bring as receiver, conservator, liquidator or otherwise;* whether such action or proceeding is brought in the name of such Agencies or by or on behalf of such Agencies in the name of any other entity or solely in the name of any Third Party. (Emphasis supplied.)

Plaintiff American Casualty argues that the emphasized language clearly precludes payment under the policy for, among other things, actions brought by the FDIC against the Bank's directors. Defendant FDIC argues that language in the Insured vs. In-

sured Exclusion requires a contrary result. That Exclusion provides:

It is understood and agreed that the Insurer shall not be liable to make any payment for Loss, as defined in Clause 1(d) hereof, which is based upon or attributable to any claim made against any Director or Officer by any other Director or Officer or by the Institution defined in Clause 1(a) of the Policy (hereinafter called "Institution"), *except for a shareholders derivative action brought by a shareholder of the Institution other than an Insured.* (Emphasis supplied.)

 Because the first Exclusion fits like a glove, Judge Crabb rightly considered the underscored language in the second Exclusion to be irrelevant (Appellant's Short Appendix at 2). Moreover, the exception for shareholder derivative actions from the general terms of the Insured vs. Insured Exclusion does not, of course, apply to the FDIC in this case because it is not a shareholder of the Bank.[1] Cf. *Conner,* 973 F.2d at 1240–1241. Defendant reasons, however, that because "[u]nder federal and state law, the FDIC as Receiver succeeded to *all* rights of the Bank's shareholders, including the right to assert derivative claims against the Director Defendants for mismanagement and to recover the proceeds of the Policy" (Appellant's Br. at 10) (emphasis in original), it must, as a matter of public policy, succeed to the contractual right of the Bank's shareholders under the Insured vs. Insured Exclusion despite the contrary language of the Regulatory Exclusion. We disagree.

We have addressed an even stronger claim by the FDIC for recovery under a similar policy in *FDIC v. American Casualty Co. of Reading, Pennsylvania,* and we have rejected that claim. 998 F.2d 404 (7th Cir.1993). In that case a shareholder of the State Bank of Cuba filed a shareholder derivative action against the bank's directors. After state authorities determined that the bank was insolvent and ordered it closed, the FDIC was appointed as the bank's receiver. Eventually the FDIC, in its corporate capacity, was substituted as plaintiff in the shareholder derivative suit, which was removed to federal court. The contract of insurance between the bank and American Casualty in that case contained Regulatory and Insured vs. Insured Exclusions identical to the ones at issue here, and—as in this case—American Casualty argued that it was not obligated to pay any judgment obtained by the FDIC against the bank's directors. *Id.* at 406. There we explicitly stated that "There is little disagreement among courts addressing the issue that if the FDIC had initiated the action against [the directors], the Policy's regulatory agency provision would have excluded coverage." *Id.* at 407. The FDIC argued, however, that "it merely maintained [the shareholder's] suit against the directors, and consequently the default judgment falls outside the language [of the Regulatory Exclusion] that excludes actions 'brought' by the FDIC." *Id.* at 408. This Court held that despite the FDIC's distinction between "bringing" and "maintaining" an action the Regulatory Exclusion "unambiguously exclude[d] coverage" for the FDIC in that case, and that the Insured vs. Insured Exclusion did not call for a contrary result. *Id.*

In the case at bar, of course, the FDIC has unquestionably "brought" the action against the Bank's shareholders; it is not merely "maintaining" a previously-filed shareholder derivative suit. It is clear that if the Regulatory Exclusion applies in a case where the FDIC has in fact succeeded to a shareholder derivative action, *id.,* then that Exclusion certainly applies when the FDIC has not in fact succeeded to any such action, but has merely inherited the "right" of shareholders to maintain one.

For the foregoing reasons, the decision of the district court is affirmed.

---

1. In addition, the court below noted (Appellant's Short Appendix at 20):

It is reasonable that, for the premiums paid, [American Casualty] was willing to cover losses resulting from actions brought by the uninsured shareholders of the bank, but was not willing to cover losses resulting from actions brought by [the FDIC], especially when the bank was operating under [the FDIC's] cease and desist orders already.