**RESOLUTION TRUST CORPORATION,** in its corporate capacity, as successor to the Federal Savings and Loan Insurance Corporation and as Receiver for Delta Federal Savings and Loan Association, Plaintiff,

v.

**William Hayes HEDDEN, Tom Parks Miller, William Oliver Williford, John Holmes McWilliams, Eugene A. Stansel, Jr. and Travis E. Cooper, Defendants,**

v.

**RLI INSURANCE COMPANY,** Third–Party Defendant.

Civ. A. No. 3:92cv047–D–D.

United States District Court, N.D. Mississippi, Western Division.

March 9, 1995.

Robert E. Hauberg, Jr., Jackson, MS, for plaintiff.

Jerome C. Hafter, Lake, Tindall & Thackston, Greenville, MS, Robert Lawson Holladay, Townsend, McWilliams & Holladay, Drew, MS, Shelby Duke Goza, Hickman, Goza & Gore, Oxford, MS, for defendants.

Donna M. Barnes, Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, Scott R. Schaffer, Wilson, Elser, Moskowitz, Eldelman & Dicker, New York City, for third-party defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Currently before the court is the motion of RLI Insurance Company, Third–Party Defendant in this cause, for an entry of Summary Judgement in its favor. After careful consideration, this court finds the motion well taken, and it shall be granted.

### FACTUAL BACKGROUND

The United States Government, through the Office of Thrift Supervision, placed Delta Federal Savings and Loan Association ("Delta") into receivership in 1990. The Resolution Trust Corporation ("RTC") was named receiver for Delta, and conducted a review of Delta's past lending practices. After review and discovery of purportedly unsafe and unsound lending practices, RTC filed the present action on April 6, 1992 against the directors and officers of Delta. The defendants sought coverage for this action and requested a defense from RLI Insurance Company ("RLI"), its Directors and Officers Liability Carrier for the period in which the alleged improprieties occurred[1]. RLI refused coverage under that policy, and defendant William Hayes Hedden filed a third-party complaint against RLI seeking to establish coverage for this suit. The remaining defendants later joined in this third-party action. RLI has now moved for the entry of a Judgment as a Matter of Law as to the

---

1. The policy in question covered the period from October 13, 1983 until October 13, 1984 and was in the amount of $1,000,000.00.

claims asserted against it by the defendants in this action.[2]

## DISCUSSION

### I.  STANDARD FOR ENTRY OF JUDG-MENT AS A MATTER OF LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Hanks v. Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir.1992). If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2554. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Federal Sav. and Loan Ins. v. Kralj,* 968 F.2d 500, 503 (5th Cir.1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *King v. Chide,* 974 F.2d 653, 656 (5th Cir.1992).

### II.  THE "REGULATORY EXCLUSION"

RLI asserts that the claims asserted by RTC against the defendants in this action do not fall within the scope of coverage provided the defendants under the D & O policy issued to the defendants. Notably, the policy contains a "Regulatory Exclusion," which reads:

In consideration of the premium charged it is understood and agreed that this policy excludes loss arising from any claim brought against the Insured(s) by or on behalf of any governmental or quasi-governmental body empowered with regulatory control or authority over the entity Named in Item 1 of the Declarations.

Such regulatory exclusions are commonplace in this and similar policies, and have been upheld as valid policy exclusions in this circuit and elsewhere. *Fidelity & Deposit Co. of Maryland v. Conner,* 973 F.2d 1236, 1241–44 (5th Cir.1992); *Bartley v. National Union Fire Ins. Co. of Pittsburgh,* 824 F.Supp. 624, 634 (N.D.Tex.1992); *F.S.L.I.C. v. Shelton,* 789 F.Supp. 1355, 1358–59 (M.D.La.1992); *see also, e.g., American Casualty Co. of Reading, Pa. v. F.D.I.C.,* 16 F.3d 152, 153 (7th Cir.1994); *F.D.I.C. v. American Casualty Co. of Reading, Pa.,* 995 F.2d 471, 473–74 (4th Cir.1993); *St. Paul Fire and Marine Ins. Co. v. F.D.I.C.,* 968 F.2d 695, 701–03 (8th Cir.1992). This exclusion appears valid on its face—this is what the parties contracted for in this policy of insurance. Further, the RTC constitutes a "governmental or quasi-governmental body" under this type of exclusion. *E.g., American Casualty Co. of Reading, Pa. v. Baker,* 22 F.3d 880, 894–95 (9th Cir.1994); *American Casualty Co. of Reading, Pa. v. R.T.C.,* 839 F.Supp. 282, 290–92 (D.N.J.1993). To hold otherwise is beyond reasonable argument. The defendants, however, seek to avoid the effect of this exclusion on different grounds.

Under Mississippi statutory law in effect at the time, insurance companies were placed under directive to submit policy provisions for approval by the state insurance commissioner:

(1) Every casualty insurance company shall file with the commission every manual of classifications, rules, and rates, every rating plan, and every modification of any of the foregoing which it proposes to use. Every such filing shall state the proposed effective date thereof, indicate the nature

---

**2.** RTC has settled its claims against defendants Hedden, McWilliams, Cooper and Stansel, and as part of the settlement those defendants assigned their right of recovery against RLI to RTC. RTC now stands in the place of those defendants for the purposes of the third-party action.

and extent of the coverage contemplated, and shall be accompanied by the information upon which the insurer supports the filing. All filing and supporting data shall be open to public inspection from and after the time it is filed.

\*   \*   \*   \*   \*   \*

(8) No casualty insurance company shall make or issue a contract or policy except with filings which have been approved for said insurer as provided in this article ...

Miss.Code Ann. § 83–3–107 (Repealed 1988)[3]. Failure of a company to submit policies and provisions for approval subjected the company to a fine of up to $1000.00 per violation. Miss.Code Ann. § 83–3–127 (Repealed 1988). The defendants argument is simple—RLI failed to submit for approval, or have approved, the regulatory exclusion contained in the policy at bar. Because of this failure, the regulatory exclusion in this policy should be deemed unenforceable.

RLI did submit and have approved a similar "regulatory exclusion" prior to the issuance of the Delta D & O Policy, which read:

In consideration of the premium charged, it is hereby understood and agreed that the coverage afforded by this policy shall not apply to loss arising from any claim made against a NAMED INSURED(S) made by or on behalf of any federal, state, county or other municipal government or governmental agency.

The approved exclusion, however, is not exactly the same as the one contained in the Delta D & O Policy. *See, supra.* The most notable difference is that the approved version of this exclusion precludes coverage for actions by any government or agency, while the exclusion contained in the policy only precludes coverage for those governments or agencies "with regulatory control" over the insured.

In support of their position that the exclusion should be invalidated for failure to have it approved, the defendants rely upon an unpublished decision of a sister court in the Southern District of Mississippi. *International Ins. Co. v. McMullan,* Civ.A. No. J84–0760(W), 1990 WL 483731 (S.D.Miss. March 7, 1990). In *McMullan,* Judge Wingate discussed cases from other jurisdictions which had addressed this issue, and opined:

[The] Mississippi [Supreme Court] would follow those cases invalidating insurance policy endorsements which were not filed with the state regulatory agency as required, where the insurer seeks to take advantage of its own oversight. Here, the insurer, in violation of Mississippi's statute which required prefiling, has attached an endorsement to its policy which, if given effect, would limit its liability. To hold that an insurer could accomplish such under these circumstances would be tantamount to saying that the insurer could profit from his own wrong.

*McMullan,* 1990 WL 483731, at \*19. Clearly, the insurer's potential "profit from his own wrong" was highly important to Judge Wingate in making his decision.[4] Such importance distinguishes *McMullan* from the case at bar. In this case, RLI had already submitted and received approval for a regulatory exclusion. The approved exclusion was broader, thereby affording more protection, than the one actually used in the policy at issue. This is not a case of an insurer profiting from his own wrong, and therefore any persuasive weight from the *McMullan* decision is severely curtailed. There was not an absolute failure to file in this case. This court is reluctant to prevent the enforceability of a contracted-for exclusion based upon

---

**3.** This statutory provision, as well as Miss.Code Ann. § 83–3–107, discussed *infra,* were repealed, revised and recodified in 1987. *See* Miss.Code Ann. § 83–2–1, *et seq.* Since these prior provisions were effective at the time the insurance policy at bar was issued, they control this court's determination rather than the statutes currently in force.

**4.** It is also interesting to note that Judge Wingate relied in part upon the decision of *International*

*Ins. Co. v. Love,* No. Civ–86–64–A (W.D.Okla. Feb. 23, 1987). *McMullan,* 1990 WL 483731 at \*16. The value of that decision was effectively voided by a later Tenth Circuit decision. *F.D.I.C. v. American Cas. Co. of Reading, Pa.,* 975 F.2d 677, 682, 683 (10th Cir.1992) (holding failure to gain approval of Insurance Board for endorsement did not void regulatory exclusion); *see also Gary v. American Cas. Co. of Reading, Pa.,* 753 F.Supp. 1547, 1551 (W.D.Okla.1990).

the failure of a clerk or secretary to use the precise language of the approved exclusion, especially when that exclusion appears to do nothing greater than the one which was approved.

Further, *McMullan* is not the only decision from the Southern District which has addressed this issue. *American Casualty Company of Reading, Pa. v. F.D.I.C.*, Civ.A. No. S90–0496 (BR), 1993 WL 610760 (S.D.Miss. April 8, 1993). In *American Casualty*, Judge Bramlette reached an entirely different conclusion than Judge Wingate in *McMullan* by holding that the failure to file the regulatory exclusion in that case was not fatal to its enforceability. Key in the *American Casualty* decision is the fact that the Mississippi legislature provided a statutory penalty for violation of the filing requirement, but did not provide that voidance of the policy of provision would result. *American Casualty*, 1993 WL 610760, at *6. This court also agrees with Judge Bramlette's conclusions. If the legislature had intended to void policies for the failure of the company to file pursuant to Miss.Code Ann. § 83–3–107, it could have provided for such under statute. It did not, and this court will not stand in place of the Mississippi legislature to enforce such a penalty.

As a final matter, while there does not appear to be a general consensus throughout the country, there is ample support from other jurisdictions where other courts have reached the same result that this court does today. *E.g., F.D.I.C.*, 975 F.2d at 682; *Miller v. National Farmers Union Property & Cas. Co.*, 470 F.2d 700, 704 (8th Cir.1972); *Gary*, 753 F.Supp. at 1551. Even in this circuit, this reluctance to deny enforceability was reached when considering the law of Louisiana. *Highlands Ins. Co. v. American Marine Corp.*, 607 F.2d 1101, 1104 (5th Cir. 1979); *Elston v. Shell Oil Co.*, 376 F.Supp. 968, 976 (E.D.La.1973). The *McMullan* decision from the Southern District of Mississippi cites to several cases on both sides of the issue. *McMullan*, 1990 WL 483731, at *16.

III. COMPLIANCE WITH OTHER POLICY PROVISIONS

RLI also asserts other grounds in support of their motion for Summary Judgment based upon provisions within the policy, including:

1) No claim was made within the policy period, as required by the policy; and

2) Notice of the claim was not given in writing "as soon as practicable" as required by the policy.

The court need not fully address these arguments, as the court has already found that RLI is entitled to judgment on other grounds. However, it is apparent from the submissions of the parties to this court that there exist genuine issues of material fact that would preclude the entry of a judgment as a matter of law on any ground other than the regulatory exclusion contained in the policy at issue.

## CONCLUSION

It is the opinion of this court that the regulatory exclusion contained in the D & O Insurance Policy between RLI Insurance Company and Delta Federal Savings and Loan effectively precludes liability under the policy on the part of RLI. Because coverage, and therefore liability, is precluded under the policy RLI is entitled to the entry of Judgment as a Matter of Law as to the defendants' claims against it.