**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

T. D. WILLIAMSON, INC.,

    Plaintiff - Appellant,

v.

FEDERAL INSURANCE COMPANY,

    Defendant - Appellee.

No. 21-5043
(D.C. No. 4:20-CV00571-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ROSSMAN**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

T.D. Williamson (TDW) appeals from the district court's decision that a

directors and officers liability (D&O) policy issued by Federal Insurance Company

(Federal) provided no coverage for claims arising from an underlying lawsuit.  The

underlying lawsuit involved one company director suing other company directors, all

of whom were insured under the D&O policy.  On cross-motions for summary

judgment, the district court relied on the policy's "Insured versus Insured," or IvI,

exclusion and held that Federal had no duty to defend or indemnify.  <u>T.D.</u>

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Williamson, Inc. v. Fed. Ins. Co., No. 20-CV-571, 2021 WL 2117054, at *5 (N.D. Okla. May 25, 2021).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

The parties are familiar with the facts, so we need not set out the policy provisions in full.  Suffice it to say that under subsection (b)(iii) of the IvI exclusion, Federal is not liable for loss on account of claims "brought by an Organization against an Insured Person of such Organization," **except** for a claim brought as "a securityholder derivative action."  Additionally, under subsection (c) of the IvI exclusion, Federal is not liable for claims "brought by an Insured Person **in any capacity** against an Insured" except with respect to certain claims which are not present here.

During the policy period, Richard Williamson, then a director and majority shareholder of TDW, initiated a suit against eight other directors in Oklahoma state court.  The defendants included Mr. Williamson's brother and sister.  Mr. Williamson alleged in a footnote of the petition that "his claims based upon the facts and conduct presented herein are direct, not derivative, but in the alternative, and without waiver of his position that the claims are direct, he also pleads them alternatively as derivative claims."

Federal denied coverage based on subsection (c) of the IvI exclusion.  The district court found subsection (c) to be "unambiguous and clear," and interpreted the "ordinary, plain meaning" of the subsection to mean that "there is no coverage for Claims brought by an Insured Person (Mr. Williamson) in any capacity against

2

Insureds, including in his capacity as a securityholder." T.D. Williamson, 2021 WL 2117054, at *5 (emphasis omitted). The court also found that "[t]he exception [or carve-out] for securityholder derivative actions in subsection (b) [was] inapplicable." Id. The court concluded that this case illustrated "the prototypical purpose of IvI Exclusions," namely to prevent coverage of personal disputes between family members within a corporation. Id.

On appeal, TDW argues that the district court erred by: (1) failing to recognize that the derivative claims could only have been brought by TDW; (2) failing to construe the IvI exclusion and its "brought by" language liberally and in favor of coverage; (3) failing to adequately consider that the structure of the IvI exclusion demonstrates that derivative claims could only be brought by TDW; (4) interpreting the IvI exclusion such that the "securityholder derivative action" carve-out is superfluous; (5) reading the subsections of the IvI exclusion independently and applying them separately; and (6) in holding the IvI exclusion is unambiguous. As TDW's arguments largely address whether the district court erred by finding subsection (c) of the IvI exclusion applies and the carve-out from subsection (b)(iii) does not operate to provide coverage, our analysis proceeds along these lines.

**Discussion**

A.    The IvI Exclusion Unambiguously Applies.

We review a district court's ruling on cross-motions for summary judgment de novo, viewing the evidence and its inferences in the light most favorable to the party that did not prevail. Cyprus Amax Mins. Co. v. TCI Pac. Commc'ns, LLC, – F.4th –

3

(10th Cir. 2022).  This court, sitting in diversity, applies Oklahoma law to interpret the insurance contract.  Emcasco Ins. Co. v. CE Design, Ltd., 784 F.3d 1371, 1378 (10th Cir. 2015).

An unambiguous contract is accepted "in its plain, ordinary, and popular sense."  Haworth v. Jantzen, 172 P.3d 193, 197 (Okla. 2006).  However, when an insurance contract is ambiguous or uncertain, it will be construed "against the insurer and in favor of the insured," id., as long as the construction gives reasonable effect to all of its provisions, Cranfill v. Aetna Life Ins. Co., 49 P.3d 703, 706 (Okla. 2002).  Additionally, "the scope of an agreement is not determined in a vacuum, but instead with reference to extrinsic circumstances."  Max True Plastering Co. v. U.S. Fid. & Guar. Co., 912 P.2d 861, 865 (Okla. 1996).  IvI exclusions protect insurers from collusive suits among directors and officers.  Am. Cas. Co. v. F.D.I.C., 791 F. Supp. 276, 278 (W.D. Okla. 1992).  Consequently, Oklahoma recognizes that "the term 'any insured' in an exclusionary clause is unambiguous and expresses a definite and certain intent to deny coverage to all insureds."  BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co., 148 P.3d 832, 836 (Okla. 2005).

Subsection (c) of the IvI exclusion is unambiguous and clearly precludes coverage for the underlying suit.  It makes clear that the policy does not cover a claim "brought by an Insured Person in any capacity against an Insured."  As both parties agree that Mr. Williamson was an "Insured Person," claims arising from the suit he brought are not covered by the policy.  This is the typical case envisioned by

4

the IvI exclusion. Mr. Williamson was a director of TDW, and his suit was against other directors and officers of the company, including his siblings.

In response, TDW argues that subsection (c) only applies to direct suits and that subsection (b)(iii) allows derivative suits by an insured. TDW argues this is because "derivative claims may only be brought on behalf of a corporation, and not on behalf of any individual shareholder." Consequently, TDW argues that subsection (c) only applies to direct suits. However, there are several problems with this argument.

First, the plain language of the IvI exclusion does not make a distinction between direct and derivative suits in subsection (c) and this court "will not create an ambiguity by using a forced or strained construction." Wynn v. Avemco Ins. Co., 963 P.2d 572, 575 (Okla. 1998).

Second, TDW's interpretation of the exclusion would require Federal to cover all shareholder derivative suits regardless of whether the suits were brought by an insured or a non-insured, a result which is supported by neither the language of the policy nor reason. If derivative suits were solely addressed by subsection (b) of the exclusion, and all derivative suits were carved out under subsection (b)(iii), then derivative suits could never be subject to the IvI exclusion. This would undermine one of the fundamental reasons for an IvI exclusion: to prevent collusive suits. See Am. Cas. Co.,791 F. Supp. at 278.

Third, this interpretation equates the party who brings a suit with the party who holds an interest in the suit. We recognize that derivative suits are "maintained

5

for the benefit of the corporation." Beard v. Love, 173 P.3d 796, 802 (Okla. Civ. App. 2007). And that the shareholder's "rights are no greater than [the corporation's] rights." Arn v. Operators Royalty & Producing Co., 13 F. Supp. 769, 772 (N.D. Okla. 1936). Regardless, a shareholder is the "nominal plaintiff," Ross v. Bernhard, 396 U.S. 531, 538 (1970); the corporation is the defendant, id.; and the shareholder must comply with procedural requirements before bringing a shareholder derivative suit, see Watkins v. Hamm, 419 P.3d 353, 361 (Okla. Civ. App. 2017) (citing Okla. Stat. tit. 12, § 2023.1 (1984)). The language "brought by" in subsection (c) clearly encompasses a shareholder in a derivative action.

Finally, TDW interprets subsection (b)(iii) and subsection (c) in concert. However, when interpreting insurance contracts, "[p]olicy exclusions are read seriatim; each exclusion eliminates coverage and operates independently against the general declaration of insurance coverage and all prior exclusions." Alfalfa Elec. Coop., Inc. v. Mid-Continent Cas. Co., 350 P.3d 1276, 1283 (Okla. Civ. App. 2014) (emphasis omitted) (quoting Dodson v. St. Paul Ins. Co., 812 P.2d 372, 377 (Okla. 1991)). Consequently, subsection (c) should be interpreted independently of subsection (b)(iii).

TDW also argues that the district court's interpretation would render the shareholder derivative suit carve-out in subsection (b)(iii) superfluous. However, not all shareholders are "Insured Person[s]." Under the policy, an "Insured Person" is "any Executive or Employee of an Organization." Thus, the plain language of the policy makes clear that subsection (b)(iii) still has force where a shareholder who is

6

not a director or officer of the company brings a derivative suit. The district court's interpretation does not render subsection (b)(iii) superfluous.

   B.    Certification Is Inappropriate.

TDW alternatively urges this court to certify to the Oklahoma Supreme Court the question whether the phrase "brought by" refers to the shareholder or corporation in a derivative suit. This court will only certify a question when it "(1) may be determinative of the case at hand and (2) is sufficiently novel that we feel uncomfortable attempting to decide it without further guidance." Pino v. United States, 507 F.3d 1233, 1236 (10th Cir. 2007).

TDW's proposed question is neither determinative nor sufficiently novel. As subsection (c) applies regardless of the nature of the suit, this court need not determine whether the underlying suit was direct or derivative. Furthermore, the interpretation of the phrase "brought by" is not sufficiently novel. Though the meaning of the phrase may never have been specifically addressed by the Oklahoma Supreme Court, TDW errs by suggesting that it can mean anything other than the procedural act of bringing a suit. Certification is not appropriate.

   AFFIRMED. We DENY TDW's motion for certification.

                                        Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge